OPINION of the Court, by
Judge Trimble
— The plaintiff in error, who was also plaintiff below, brought an action of covenant against Knowles, on a bond conditioned for the conveyance of a tract of land, with general warranty, but without any time specified in the condition, when the conveyance should be made. The declaration assigns the breach, in failing to make the conveyance upon a special demand, which is averred in the declaration. Upon setting aside the office judgment, and writ of enquiry, the defendant pleaded in bar, “ he did on the day before the suing out of the original writ, tender to the plaintiff a deed, agreeable to the true intent and meaning of this covenant, and the plaintiff did then and there refuse to receive the same, and this he is ready to verify, &c. The plaintiff replied, saving by protestation, that the defendant had tendered, &c. L TU„. u„ .iL , davof_ “ That he the said plaintiff did on the - in the declaration mentioned, demand of the defendant a deed,” &c. and that the defendant refused to execute the same, &c. and concludes with a verification : to which the defendants put in a rejoinder traversing the demand and refusal, and tenders an issue to the country, which was joined by the plaintiff. Upon those pleadings, a verdict and judgment was rendered for the defendant, to which the plaintiff hath prosecuted this writ; of error. The first error assigned is, “ that the court erred in setting aside the office judgment and writ of enquiry, without a good plea filed.. This assignment need not be adjudicated, because, if the plea be good, it must of course be disregarded, and if the plea he bad, the proceedings must for that reason be deemed erroneous. It may, however, be observed that as the plaintiff does not appear to have objected to the setting aside *284 the office judgment and writ of enquiry', on account of the supposed insufficiency of the plea offered ; it would seem that the setting aside the office judgment, ought not, although the plea were ill, to be considered per se, sufficient cause for reversal.
The second error assigned, calls in question the plea itself, because “ it has not shewn in court the deed alleged to have been tendered, so that .the court might see and know that it was a good deed,” &c.
This objection seems to be well founded. It is laid down in Co. Lit. 35, b. that if a deed be alleged in any plea or count, regularly, it must be shewn to the court, to the end the court who are to judge of it, may see it contains apt words, to make it a good contract according to the rule of law. The same author, folio 225, a. says the reason why the deed shall be shewn forth in court is, that to every deed there be two things requisite : the one, that it be sufficient in law, and that is called the legal part, and therefore the judgment of that belongeth to the judges of the law, &c.
These principles, are decisive of the point now under consideration. The defendant pleaded that he tendered a deed according to the true intent and meaning of his covenant, but did not make profert of the deed so tendered ; so that the court, whose peculiar province it was, could not see whether it did or did not, according to its legal construction and operation, correspond with, and fulfil the defendant’s covenant. The proper construction and legal operation of deeds, belong to the court, not the jury, and must be adjudged of from the deed itself, not from the proof of witnesses. By the plea, as here pleaded, it cannot be seen that the deed was in point of law such as the covenant of the defendant bound him to make. The allegation in the plea, that it was according to ⅛⅛ the true intent and meaning of the covenant,” will not do, because that is making the jury, upon the trial, judges, first of the construction of the covenant, and secondly, of the construction of such deed as the defendant might prove he had tendered. Had the plea been rightly pleaded, the execution, tender and refusal only, would have been before the jury ; and the sufficiency of the deed in point of law, would have been by the profert submitted to the inspection and decision of the court ; and if the deed had not corres» *285 ponded with the covenant, and had not been sufficient in law to satisfy it, the plaintiff might have demurred.
The plea is had in substance, without shewing the deed tendered, and furnishes no bar to the action ; and it is not aided by the subsequent' pleadings. For whether the plaintiff made a demand after the supposed tender or not is immaterial, unless the tender had been sufficiently pleaded. — .—..Judgment reversed»