OPINION of the Court, by
Judge OwSLaY.-
Le~wellen obtained fi~m the Jefferson circuit court an order for an injunction againbt D~ughertv, upon his exe~ cuting bond with security. lie and Stewart his security accordingly executed a bond to D.~ugherty, with the following condition thereunder wriiic~, viz. " The condition of the above obligation is such, that whereas the above bound Samuel Lewellen did, on the 22d inst. apply for and obtain fro~n the Jefferson circuit court, on bill filed, an injunction in chancery against the above named William Dougherty, to restrain and prevent him (except by an ejectment in the said circuit court) front removing the said Lewellen from the possession of two and a half acres of land, on which he lives, near Louisville, until his complaint can be heard in equity. Now, therefore, in case the said Samuel Leweflen shall be cast in the said suit of the above bound Lewellen, or either of them or their.or either of their heirs, executors or administrator~, ahall pay the said Dougherty such costs as shall be adjudged to him in said suit, and pay him as much rent as the lot and premises in the biU mentioned shall be found to be worth j~er annum, then the above obligation to be void," &c.
The injunction being dissolved, iu~d Lewellen being cast in the suit in chancery, as alleged by Dougherty; this suit in covenant was brought upon the condition. The defendants in the action demurred to the declaration, and judg~pent was awarded thereon against D~u~hertv; from which this appeal has been prosecu-
~Two questions are made for the decision of this court. 1st, Can an action of covenant be maintained on th~ condition of t~e bond? And if it can, 2d, Should the value of the rents be ascertained by a previous suit, before a breach can be regularly assi'gn~d in its nonpay_ U~ent~
The first question was in effect decided by this court in the case of Kennedy v. Kennedy, (vol. 2, 464.) In that case it was~ held thaL covenant may be maintained on the co~lateraI condition of an ordinary bond. In principle there exists no difference between that case and the present; and it is impossible to perceiv~ rca- *365 son for any difference. We are of opinion, therefore, covenant can be maintained on the condition.
A decision of the other question depends on the construction of the condition. Were the finding of the value of the rents considered a condition precedent to Dougherty’s right to demand the rent, it would be ad-_ mitted the value should have been ascertained before the assignment of a breach could regularly be made of its nonpayment. We are however of opinion the lair import of the whole condition taken together, does not justify such a construction ; but that Dougherty’s right to demand payment accrued upon his succeeding in the suit in chancery, and the expressions u to pay sO/much rent as the lot should be found to be worth,” were intended to regulate the amount payable in the event of Dougherty’s success in the suit, and that the amount thereof was not necessary to be ascertained by a previous suit before an action can be maintained on the con-,' dition of the bond.
The judgment of the court below sustaining the demurrer to the declaration is therefore erroneous and must be reversed, the cause remanded to that court and the defendant permitted to withdraw his demurrer and plead, should he apply for leave to do so, and such other and farther proceedings there had as may be proper to a determination of the cause. The appellant must recover his costs in this court.