BRADLEY *against* OSTERHOUDT.

Where the
plaintiff, in an
action of cove-
nant. assigns a
particular
breach, a gene-
ral plea of per-
formance, pur-
suing the words
of the covenant,
is bad on general
demurrer.
So, where the
covenant was to
convey a farm,
and the plain-
tiff assigns for
breach, that, be-
fore executing
the conveyance,
the defendant
removed from
the premises a
cider mill which
was annexed to
the freehold, the
defendant must
answer particu-
larly the breach
assigned.

THIS was an action of covenant.   The declaration contain-
ed two counts.   The first count set forth an agreement made
the 8th of *August*, 1811, by which the defendant covenanted
that, provided the plaintiff should, on or before the 1st of *May*,
1813, pay him the sum of 1,800 dollars, he would, by the said
1st of *May*, convey to the plaintiff, by good and sufficient deeds,
a full and unincumbered title, and with the usual covenants of
seisin and warranty, extending to the title, and, also, to the
quantity of land in the agreement afterwards stated, a house,
and certain lands described in the agreement; and covenanted,
also, that he would not, in the mean time, cut any wood or tim-
ber from the lands, except for firewood, and that he would not
feed the lands in the spring of the year 1813, and that he would
not remove the straw and manure made thereon, nor work any
quarries on the land; and the plaintiff, on his part, covenanted
to pay the sum of 2,937 dollars and 50 cents, 1,800 dollars of
which was to be paid on or before the 1st of *May*, 1813, another
part of, which was to be paid by satisfying a mortgage on the
land, and indemnifying the defendant therefrom, and the residue
to be paid at subsequent specified periods; and that the plain-
tiff would secure the performance of his contract, by a mortgage
of the lands to the defendant.   The plaintiff then averred per-
formance of the covenants in the agreement contained, on his
part to be performed, and that the defendant had executed a
conveyance in pursuance of the agreement, and then assigned
two breaches; first, that there were, long before, and at the
time of the date and execution of the agreement, to wit, on the
8th of *August*, 1807, standing on the farm, and annexed to the
freehold, and making part of the farm, a cider mill, and a cider
press, and all the parts and apparatus for grinding apples and

making cider, the whole covered by a thatched roof, and being of the value of 100 dollars ; and that, on the 22d of *December,* 1812, the defendant removed the same from the farm to some place unknown to the plaintiff, and never hath returned the same to the farm or to the plaintiff, and so the plaintiff saith, that the defendant hath not conveyed the farm to him according to the true intent and meaning of the said covenant and agreement. The second breach was for carrying away fifteen loads of straw made on the farm.

In the second count, the plaintiff, after stating the agreement, and averring performance of the covenants on his part, assigned, for breach, the removal of the cider mill, press, and appurtenances.

The defendant craved oyer of the agreement, and pleaded, that, by the 1st of *May,* 1813, he did convey to the plaintiff, by a good and sufficient deed, a full unincumbered title, and with usual covenants of seisin and warranty extending to the title, and, also, to the quantity of the land in the agreement specified, excepting such incumbrances as are therein excepted ; and that he did not cut any wood except for firewood ; and that he did not feed the lands in the spring of 1813 ; and that he did not remove from the farm the straw and manure made thereon, nor work any quarries on the land.

To this plea there was a general demurrer and joinder.

*C. H. Ruggles,* in support of the demurrer. He cited *Cro. Eliz.* 7. 1 *Sid.* 48. 3 *Com. Dig. Condition,* (M.) 1 *Hen. Bl.* 270. *Com. Dig. Pleader,* (C.) 58. 10 *Johns. Rep.* 267. 1 *Hen. Bl.* 258, 259. 3 *East,* 38.

*J. Tallmadge,* contra. He cited 3 *East,* 38. 6 *Johns. Rep.* 5. *Howes* v. *Barker,* 3 *Johns. Rep.* 576. *Houghtalling* v. *Lewis,* 10 *Johns. Rep.* 297.

*Per Curiam.* This is an action of covenant upon articles of agreement, by which the defendant covenanted to convey to the plaintiff, by a good and sufficient deed, a full unincumbered title to a farm and piece of land therein specified. The plaintiff, in his declaration, assigns, as a breach of the covenant, that the defendant, after the making and execution thereof, and before the giving of the deed, removed from the premises a cider mill,

which is averred to have been annexed to the freehold, and making a part of the farm, and so the defendant hath not conveyed to him, the plaintiff, the said farm of land, according to the true intent and meaning of the said covenant. The defendant, after craving *oyer* of the agreement, pleads, that he did, within the time therein specified, convey to the plaintiff, by a good and sufficient deed, a full unincumbered title to the land in the said articles specified. To which plea there is a general demurrer. This plea is bad. A particular breach having been assigned in the declaration, the plea should have answered it. Whether the covenant to convey the farm would also embrace the cider mill, might depend on circumstances. When the declaration avers, that it was annexed to the freehold, and making a part of the farm, the plea should have answered this breach. If the defendant relied on the acceptance of the deed as a fulfilment and discharge of the covenant, he ought to have so pleaded. The general plea of performance is not a sufficient answer to the special breach assigned. The plaintiff is, accordingly, entitled to judgment, with leave, however, to the defendant to amend his plea.

Judgment for the plaintiff.