THE STATE, on the relation of the Treasurer, *v.* LEAVELL, and Others.

In an action against a sheriff for refusing to collect militia fines, and for not returning the precept requiring him to collect them, it is not a sufficient defence to state generally, that the defendant had not time to make the collection before his term of office expired, and that he had delivered the precept to his successor.

A plea of performance generally, to a declaration making negative averments in assigning breaches, is not sufficient.

There was an assessment of militia fines in 1825, against persons conscientiously scrupulous of bearing arms, another in 1826, and another in 1827. *Held*, that these fines could not be collected by means of one list including them all; but that there should be a distinct list for each assessment.

The declaration against a sheriff for not collecting a list of such fines, should show the name of each person fined, and the amount of his fine; that the fines were recorded in the regimental book separate from other fines; and that the list was signed and sealed by the senior officer of the Court of appeals.

ERROR to the *Henry* Circuit Court.

STEVENS, J.—The material facts contained in the record, necessary for us to notice, are these:—

On the 26th day of *August*, 1826, *Ezekiel Leavell, Samuel D. Wells, John Dougherty, Jesse Forkner*, and *George Handley*, made their bond jointly and severally to the state of *Indiana*, for 5,000 dollars, subject to a condition thereunder written in these words:—"that if the above bound and named *Ezekiel Leavell* shall faithfully discharge the duties of his office as sheriff for and within the county of *Henry*, &c., and shall and will keep and deliver over according to law, to the proper persons, all sums of money that may come into his hands by virtue of his office as sheriff, as aforesaid, then the above bond to be void," &c.

*Thursday, November 29.*

Nov. Term,
1832.

THE STATE
v.
LEAVELL.

On this bond, the plaintiff in error brought a suit against the obligors, the defendants in error, and set forth as a breach of the condition of the bond, the following averments:—" that *Ezekiel Leavell* hath not faithfully discharged his duties as sheriff in this, to wit, that on the 6th day of *September*, 1828, in the said county of *Henry, Thomas R. Standford*, then and there being judge advocate of the 48th regiment of the *Indiana* militia, which regiment was then and there composed of the militia within the bounds of said county, did make out and deliver for execution and collection, to the said *Ezekial Leavell*, then and there being sheriff of the said county, a precept and warrant, the same being a *pluries* list of fines or equivalents, amounting to a large sum, to wit, 500 dollars in the whole, and which was assessed against persons conscientiously scrupulous of bearing arms in the said regiment, for the years 1825, 1826, and 1827, by proper courts of assessment for the regiment aforesaid, held according to law for the years aforesaid respectively, which assessments had been duly confirmed by the Court of appeals for the said regiment, held according to law, for the years aforesaid respectively; by which said precept and warrant, the said *Leavell* was lawfully authorised and required to collect the said list of fines or equivalents therein contained and set forth, and therein stated to have been assessed against persons as conscientiously scrupulous of bearing arms, of the goods and chattels, lands and tenements, of the persons therein named; that yet the said *Leavell* did utterly neglect, fail, and refuse, to collect and pay over to the paymaster aforesaid, the said sums of money required to be collected by him, by virtue of the precept and warrant aforesaid, &c., although the persons did at the time, &c. reside in said county of *Henry*, and continued to reside therein for the space of ninety days thereafter, &c.; that the said *Leavell* never levied, collected, or paid the said fines, &c. or any part thereof, as by the said precept and warrant he was required; and that he, the said *Leavell*, did not make a return of said list, precept, and warrant, at the return day thereof, nor hath he ever as yet made any return."

To this the obligors pleaded in bar six several pleas:—1st, that there never were any such Courts of assessment and appeal, or any such fines assessed, as averred in the declaration; 2ndly, that no original list of fines issued prior to the issuing of the *pluries* list declared on; 3dly, that no such *pluries* list of fines

ever issued, or was ever delivered to the defendant, *Leavell*, as averred in the declaration; 4thly, that the list of fines alleged to have been placed in the hands of *Leavell*, never came to his hands until the 6th day of *October*, 1828, that the term of office of the said *Leavell* expired on the 16th day of the same month, that he had not, during that period, time sufficient to collect the money by distress or otherwise, and that on the day his term of office expired as aforesaid, he placed the said list in the hands of his successor to be by him legally executed; 5thly, that said *Leavell* did use due diligence to collect the money on said list, from the time the same was put into his hands to collect, until the term of his office expired, to wit, until the 16th day of *October*, 1828, during which time he did collect and pay over the sum of 6 dollars, that amount being all he could collect within that time, and therefore he did well and faithfully discharge the duties of his office; 6thly, that the said *Leavell* did faithfully discharge the duties of his office, and did faithfully pay over all moneys that ever came into his hands as such sheriff. To the 1st and 3d of these pleas there are issues to the country; to the 2d and 5th, demurrers were filed, and the demurrers sustained by the Court; and to the 4th and 6th, demurrers were also filed, but were overruled and final judgment rendered for the defendants thereon.

Several errors have been assigned, and various points raised for the consideration of the Court, but this opinion will be confined to the last error only. It is sufficient as to the other objections, to say that issues are joined to the country on the 1st and 3d pleas, and whether these pleas are sufficient or insufficient, is not now a matter before this Court. The 2d and 5th pleas have been demurred to, and the demurrers sustained. Both these pleas are clearly insufficient; neither of them containing a sufficiency of matter to be a legal bar to the action, if the declaration contains a sufficient cause of action. The last point made, and one which requires a more serious examination is, whether the demurrers to the 4th and 6th pleas were correctly overruled or not.

The 4th plea is certainly defective. It does not contain a sufficiency of matter to be a legal bar to the action. A plea in bar must be certain. 1 Chitt. Pl. 513.—Comyn's Dig. Pl. It must confess the fact charged, if it set up matter in justification of the defalcation committed or wrong done. 1 Chitt. Pl. 497,

498, 511.    And it must be direct and positive, containing facts plainly triable.. 1 Chitt. Pl. 518, 520.—*Frary* v. *Dakin*, 7 Johns. Rep. 78.    This plea does not confess the fact, that a *pluries* list of fines was ever delivered to the sheriff: it says "the list of fines alleged to have been placed in the hands of *Leavell*;" this does not amount to an admission that the list did positively come into his hands.    Again, the plea avers that he had not sufficient time from the time he received the list until he went out of office, to collect the money "by distress or otherwise."    This is not a sufficient answer to the charge that "he neglected and refused to collect."    It ought to be shown that he used due diligence during that time, and also how much was done towards the collection.    As where the condition of a bond was, that the obligor should show a sufficient discharge of an annuity, &c., a plea that he did show a sufficient discharge is bad; he ought to show what kind of a discharge it was.    1 Chitt. Pl. 520.—9 Co. 25.—*Martin et al.* v. *Smith*, 6 East, 561, 562.    Again, the plea avers that he delivered the list to his successor in office to be executed. This averment is bad.    It is not a sufficient answer to the charge, "that he neglected and refused to return the writ on the return day."    It must be shown how much the old sheriff did towards executing the writ, and then an averment that he duly made his return on the writ of all he did, and then delivered it, with his return so endorsed thereon, to his successor.    *King* v. *The late Sheriff of Middlesex*, 4 East, 604.—1 Bulst. 70.—Dalton, 516.—Rol. Abr. 457.—6 Bac. Abr. tit. sheriff, 160, 161.—*Richards* v. *Porter*, 7 Johns. Rep. 137.    And if by such return it appears that a levy was made, and that the goods remain on hand unsold for the want of buyers, the old sheriff and not the new one, is to complete the execution.    6 Bac. Abr. tit. shff. 161.    It is contended by the plaintiff in error, that the plea is also defective in not naming the new sheriff.    Whether, if the plea were, in every other particular, good and sufficient in law, that defect standing alone would be a sufficient cause of demurrer, we shall not now decide, inasmuch as there are some doubts about it, and the plea is otherwise defective.

The 6th plea is a plea of general performance.    Such pleas may be pleaded to covenants and conditions, where they are all clearly in the affirmative, unless the special averments of the declaration change the character of the defence, by making special negative averments in assigning the breach (1).    Every

plea in bar must be adapted to the nature and form of the action, and be conformable to, and a legal answer to, the whole count. 1 Chitt. Pl. 507, 508.—*Skinner* v. *Rebow*, 2 Str. 919.—*Kinder et al.* v. *Paris*, 2 H. Bl. 561.—2 Saund. 63, d. This plea cannot be a sufficient answer to the special averments in the declaration, to be a legal bar. 1 Chitt. Pl. 316.—Comyn's Dig. Pl. c. 61.—4 Day, 313.

It is, however, almost immaterial whether these pleas are good or bad, if the declaration is insufficient. The demurrers go back to the first error.

The 45th section of the militia law provides for and points out the mode of assessing fines on those that bear arms. The 46th section provides, that "it shall be the duty of each regimental judge advocate to make out two fair lists of the names of persons fined in their respective regiments, whose fines have not been remitted by the regimental Court of appeals, with the amount of the fine or fines assessed on each individual, which said lists shall be certified, signed, and sealed, by the commandant of the regiment, and attested by the judge advocate thereof; one of which lists shall be by the judge advocate delivered to the paymaster of the regiment," &c. "The other list shall be delivered to the sheriff of the proper county, where such delinquents may reside: and such sheriff shall be bound to receive the same and to collect the fines therein specified, under the same law, rules, and regulations, as he would if the said list was an execution regularly and legally issued from the Circuit Court, on a regular and legal judgment, against the goods and chattels, lands and tenements, of such delinquents: and further, such list shall not only operate as a *fieri facias*, but shall in each and every stage thereof, legally, fully, completely, and to all intents and purposes, operate as a writ of *fi. fa.*, *vend. exp.*, and *ca. sa.*, as the sheriff may have necessity to use it, during the progress of the collection, and such sheriff shall make return," &c. "in ninety days from the date of the same."

The 47th section provides for the issuing *alias* and *pluries* lists. The 51st section provides for and points out the mode of assessing fines on persons conscientiously scrupulous of bearing arms. And the 52d section provides, that the lists of fines thus assessed by the Courts of assessment of fines on persons conscientiously scrupulous of bearing arms, "shall be recorded in the regimental book, separately and apart from other fines; and

it shall be the duty of the judge advocate to make out three fair lists of the fines so assessed as aforesaid, and not remitted by the Court of appeals, and the senior officer of the Court of appeals shall sign and seal the same, and deliver one list to the paymaster of the proper regiment, and transmit one to the treasurer of state, and deliver one to the sheriff of the county where such conscientious delinquents may reside; and such list so signed as aforesaid, shall be a sufficient warrant for the sheriff to proceed and collect such fines, in the same manner and under the same restrictions as is provided for by this act in other cases."

By these enactments, the assessment of fines when made in pursuance of the act, are, in effect, judicial judgments at law; and the lists thereof, when certified, signed, and sealed, as required by the act, have all the force and effect of the several writs of execution issuing from the common law Courts, and are in all things to be treated as if they were such writs of execution. It was said in argument that the analogy failed in some respects, and the particular point noticed, was, that those lists have no certain return day. It is apprehended that that was an entire oversight of the counsel: they have a more directly certain return day, if possible, than executions from the Circuit Courts have. They are returnable in ninety days from their date, which makes a certain and fixed return day to every list, the instant it is dated; but if it has no date, it has no return day, hence it is important and material that each list should have a date.

The assessments being made in effect judicial common law judgments, and the lists of fines writs of execution, it necessarily follows, that in declaring against a sheriff on his official bond, for failing to collect or pay over the money on those lists, or for failing to make return of any such list, all the material averments must be used, that are necessarily used in assigning a breach in an action upon the same bond, for a defalcation in executing and returning a writ of execution. In declaring against the sheriff on his official bond for a defalcation in executing or returning a writ of execution, it is material and necessary to set out the judgment with its date, amount, and parties, and aver that it still remains of record unpaid and in full force. And if the execution on which the defalcation takes place is an *alias* or *pluries*, the issuing and return of the first writs must appear, to show whether the returns authorise the

issue of an *alias* or *pluries*. 1 Chitt. Pl. 354.—2 Chitt. Pl. 190, 191, 192, 193. In this case, neither the time nor place of holding the Courts of assessment, nor the names of the delinquents, nor the amount of the several fines are stated. Nor is the date of, or the return to, the preceding lists of fines stated. The rule of pleading in common and ordinary cases, is, that all the necessary facts and circumstances which constitute the cause of action, must be set forth regularly, methodically, distinctly, clearly, and certainly, it being an intendment of law that every person will state his own case as favourably for himself as he can. 1 Chitt. Pl. 236, 241, 255. And this rule is enforced with the utmost strictness in assigning breaches upon penal bonds. Nothing is presumed, but every thing necessary to the maintenance of the action must be stated with the most particular certainty. 1 Chitt. Pl. 598, 599.—2 Chitt. Pl. 674, 675.

This declaration, if tested by these rules, will, it is presumed, be found wholly insufficient, in many respects other than those above noticed. The averments made show that there were three several distinct assessments of fines; one in the year 1825, one in the year 1826, and one in the year 1827, which are in effect three several and distinct judgments of record, and the list or execution on each must, legally, be distinct and several. Three several and distinct judgments cannot be put into the same execution, legally. In this case, however, it appears that all three judgments are put into the same writ. Again, these assessments of fines are not joint against all the persons fined at the same Court. Each fine is a separate and distinct assessment against the separate individual found delinquent, and stands as a separate judgment against him and his property, and against no one else. Hence, the declaration ought not only to show the time and place of assessment, but ought also to show the name of each person fined, and the separate amount of the fine.

There is another principle of law which governs these cases, and which is not to be lost sight of. The powers, duties, and jurisdiction of these military boards, in assessing and collecting fines, are summary, and created and given solely by statute, and it is a clear and salutary principle, that such tribunals are confined strictly to the authority given them. They can take nothing by implication, but must show their power expressly given them in every step they take. The statute above recited

requires, that the fines assessed on persons conscientiously scrupulous of bearing arms, "shall be recorded in the regimental book separately and apart from other fines." The declaration does not show that this was done. Again, the same section of the statute requires, that those lists shall be "signed and sealed" by the senior officer of the Court of appeals, and it is not shown that this was ever done. These lists have the force and effect of executions, by virtue of the fines being assessed and recorded as required by statute, and the lists being issued, signed, and sealed, as required by statute; and if all these necessary proceedings do not appear, the proceedings have no legal existence, and therefore can give no legal right of action. The words "certain," "lawful," "according to law," "duly," and "sufficient," as used in the averments of the declaration are of no avail, unless the particular facts themselves were shown. 1 Chitt. Pl. 240.

The declaration and the cause of action, as they appear of record, are both insufficient in law, and no action can be sustained on them, therefore the Court correctly overruled the demurrers to the pleas.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Perry* and *H. Gregg*, for the state.

*O. H. Smith* and *J. Rariden*, for the defendants.

(1) Declaration in covenant assigning a particular breach; plea of performance generally ; and general demurrer to the plea.

*Per Curiam.*—"This is an action of covenant upon articles of agreement, by which the defendant covenanted to convey to the plaintiff, by a good and sufficient deed, a full unincumbered title to a farm and piece of land therein specified. The plaintiff, in his declaration, assigns, as a breach of the covenant, that the defendant, after the making and execution thereof, and before the giving of the deed, removed from the premises a cider-mill, which is averred to have been annexed to the freehold, and making a part of the farm, and so the defendant hath not conveyed to him, the plaintiff, the said farm of land, according to the true intent and meaning of the said covenant. The defendant, after craving *oyer* of the agreement, pleads, that he did, within the time therein specified, convey to the plaintiff, by a good and sufficient deed, a full unincumbered title to the land in the said articles specified. To which plea there is a general demurrer. This plea is bad. A particular breach having been assigned in the declaration, the plea should have answered it. Whether the covenant to convey the farm would also embrace the cider-mill, might depend on circumstances. When the declaration avers, that it was annexed to the freehold, and making a part of the farm, the plea should have answered this breach. If the defendant relied on the acceptance of the deed as a fulfilment and discharge of the covenant, he ought to have so pleaded. The general plea of performance is not a sufficient answer to the special breach assigned." *Bradley* v. *Osterhoudt*, 13 Johns. 404.