PYE v. RUTTER.

1. A party in declaring on an agreement may set it out according to its le-gal effect, and is not bound to use the very words of the instrument; but if he undertakes to set out the contract according to its legal effect, he must do so in direct terms, and not by way of innuendo.

2. Where a party undertakes to convey land upon the performance of a particular act—as the payment of money—it is not necessary to aver, in a declaration on the covenant, a demand for a deed.

Error to the Marion Circuit Court.

GLOVER AND CAMPBELL for Plaintiff.

*Opinion of the Court, delivered by Scott, Judge.**

This was an action of debt brought on a bond with a condition underwritten, by which it was agreed, that if the plaintiff would, on a given day, pay to the defendant the sum of forty-five dollars, he, the defendant, would execute and deliver to the said platntiff, a good and sufficient deed of conveyance in fee simple for two lots in the town of Baltimore, in the county of Marion; otherwise he would pay the penalty, which was one hundred and thirty dollars. Two breaches were assigned in the declaration. In the first count the plaintiff, after setting out the conditon as above, avers by way of innuendo, that the defendant, by the words of the said condition, meaned he would make a good fee simple title for said lots, and avers a performance of all things on his part to be done according to the tenor of the condition; and concludes by assigning as a breach, that the defendant, although often requested to do so, has not made to the plaintiff a good title in fee simple to the said lots.

The second count, after setting out the condition of the bond, avers, by way of innuendo, that the defendant meaned by the words of the said condition, that he was able to make to the plaintiff a good title in fee simple for said lots, and would do so; and avers a performance of all things on his part, to be done according to the tenor of the condition of the said bond; and alleges that at the

*Napton, Judge, absent from the bench.

time of his performance, there was a valid and subsisting mortgage on said lots for the amount of $200,00; and assigned as a breach, that the defendant was not able to make the plaintiff a good title in fee simple to said lots. There was a special demurrer to these counts, which was sustained by the court below; and the plaintiff has brought his case here by writ of error.

We cannot doubt but that the court did right in sustaining the demurrer of the defendant. The mode adopted to obtain the opinion of the court, as to the meaning of the condition of the bond, was novel and unprecedented, at least we have not been enabled after some research, to find a precedent for such a mode of declaring on a contract. Nor do we consider, that we would subserve the science of pleading, by permitting a party to obtain the opinion of a court as to the meaning of a contract, set out in the manner the plaintiff has employed on the present occasion. If the meaning of the agreement was, as the plaintiff contends, then it should have been so directly averred without any innuendo; and the defendant by craving oyer and demurring, would have brought the question properly before the court, or it might have been determined on the trial of an issue on the plea of *non est factum*, by objecting to the introduction of the instrument on the ground of a variance.

The ability of the defendant to make a title in fee simple, could only have been necessary in the event of a plea of performance of the condition by the defendant; and that fact might have been replied to such a plea, if the meaning of the agreement was, that he was able to make a title in fee simple.

The party seems to have mistaken the office and nature of an innuendo. It is employed to explain facts for the jury, and is never used to expound a contract for the court. It is explanatory of facts already expressed, and may show the application of those which have been expressed; but it can never add to or vary the sense of the previous words. It is commonly, if not exclusively, used in declarations and indictments for libels, and in declara-
47*

A party in declaring on an agreement, may set it out according to its legal effect, and is not bound to use the very words of the instrument. But if he undertakes to set out the contract according to its legal effect, he must do so in direct terms, and not by way of innuendo.

Where a party undertakes to convey land upon the performance of a particular act—as the payment of money—it is not necessary to aver, in a declaration on the covenant, a demand for a deed.

tions for slander. The party in declaring on an agreement, may set it out according to its legal effect: he is not bound to use the very words of the instrument: it is sufficient if he employs those of the same legal import; but if he does set out the contract according to its legal effect, it must be done directly, and not by way of innuendo.

As to the question, whether a special request was necessary to be averred by the plaintiff in his declaration, we are of the opinion that no demand for a deed was necessary. This is not an agreement to convey upon request, or to convey generally, without specifying any time, but it is an undertaking to convey upon the performance of a particular act, the payment of a bond, of which one party has as much knowledge as the other. The defendant cannot object, that having assigned the bond for the money, he can have no notice of its payment. He must take notice of the payment at his peril; 1, Mo. R., 186.

Judgment affirmed.