## BARRET *vs.* BROWNING.

1. The eighth section of the act of February 27, 1843, "to simplify proceedings at law," requiring all special pleas, in actions on contract, to be verified by affidavit, applies to all special pleas filed after the passage of that act, although the suit may have been commenced before the passage of the act.

 Scott, Judge, dissenting.

2. Where a vendor covenants to convey to the vendee, "by a good and sufficient warranty deed," the land sold, it becomes the duty of the former to tender the deed to the latter. The vendee is not bound to demand the conveyance before his right of action accrues on the covenant.

APPEAL from St. Louis Circuit Court.

Crockett *and* Briggs, *for Appellant.*

1. Barret's 4th, 5th and 6th pleas were good.

2. Barret's 2d and 3d pleas were good.

3. The demurrer to the replications thereto were good; but whether these pleas were good or not,

4. Barret's amended plea (7) was certainly good, whether sworn to or not, and should not have been stricken out.

The law is, that when a vendor is to execute a conveyance, the vendee should demand a deed, and after allowing a reasonable time to prepare a deed, must present himself to receive it.—3 Wendell, 249; 7 *Ibid.*, 129; 9 *Ibid.*, 68.

The case of Rector *vs.* Purdy, 1 Mo. Rep., 186, turned upon the peculiar phraseology of the covenant sued on: it was a covenant to "make, execute and *deliver*," &c. No such language is used in the covenant of Barret. In Pye *vs.* Rutter, 7 Mo. Rep., 548, the opinion of the court is substantially consistent with the cases we have referred to: the court says, "This is not an argument to convey upon request, or to convey generally, without specifying any time, but is an agreement to convey *upon the performance of a particular act.*"

Barret's covenant specifies no day for performance, but is an agreement to convey generally, and hence other rules are prescribed to the covenantee for his government before he can have a cause of action.

This *amended* plea is accompanied by a profert of a sufficient deed, to satisfy the covenant with proper authentication; and even if technicalities could be urged against it, yet, if it contained a proper defence, it should have been received, and the other party left to make his exceptions to it in the usual way.

But it was not sworn to under the act of 1842–'3. It will be observed, that this suit was commenced, and most of the pleadings perfected, before the passage of said act; and we insist that this act should be construed as retrospective, and not to bear upon suits brought before its passage.

If the plea filed and stricken out was an amended plea, it certainly stands in

the place and position of the pleading it proposes to amend, and in construction of law, is the original pleading itself. It is not an absolutely new plea, but an amendment merely.

Again, by our constitution, no retrospective law can be passed: art. 13, sec. 17. If this is a retrospective law, it cannot be enforced or sanctioned by the Court.

This provision of our constitution is not in any other, according to our recollection, and shows the sense of the legislature, as to the impropriety of depriving a party of any right or privilege conferred before the passage of the act. When suit was brought against Barret, he had a right to plead such pleas as this record contains, without affidavit, and of that should not be deprived.

This law is against the spirit of our constitution, and the genius of our institutions. A plaintiff is not required to swear to his declaration in covenant, and may harass a defendant with unfounded or stale claims, to his great injury and annoyance; but the defendant *shall*, nevertheless, swear to any special plea he may file, even to a swindling declaration. Is this the equality of privilege of which so much is boasted, and which is said to be guarantied to all, whether suitors or not—plaintiffs or defendants, and without respect to persons or positions? Is this "justice," in the most common acceptation of the term?

Legislatures are not infallible or omnipotent, and there is need that they should be admonished to that effect, by this Court, when necessary.

Again: if there is nothing objectionable on this score to the act aforesaid, yet, upon a fair construction of it, it does not touch this case of Barret.

The general issue need not be sworn to, with few, and perhaps (under the decision of this case, upon the plea of *non est factum*,) no exceptions.

In this action of covenant, there is no general issue upon the authority of all the books; and we insist, that such an action is not within the operation of the act concerning special pleas.

5. The court should have granted a new trial. The evidence is the covenant on the part of the plaintiff. For the defendant, it was proved, that Barret called on Blair, agent and attorney for Browning, and had a conversation concerning a conveyance, and while he did not actually tender a deed, Blair (according to witness' impression) declined taking a deed, and wanted a return of the money. Barret wished some time to prepare a deed, &c., and whether he was entitled to reasonable time, according to the tenor of the New York cases before referred to, or not, this amounted to a refusal of a deed by the agent, Blair, and Barret was without fault.

6. This is involved in the others, with this exception. If profert and tender of a sufficient deed, or a sufficient sum of money, is made in court, and to the other party, *no matter in what way*, it is the duty of the court to make it effective. Now, whether this amended plea was sworn to or not,—whether it was a plea or not, it nevertheless was a profert and tender of a sufficient deed to satisfy the covenant; and if he had a right to discharge it, as we insist, at that time, by making a deed, the court should have given judgment against Barret merely for costs, and ordered the deed into the possession of the other party.

*Barret* vs. *Browning.*

Thomas T. Gantt, *for Appellee.*

Tompkins, J., *delivered the opinion of the Court.*

This is an action of covenant, brought in the Circuit Court of St. Louis county, by John R. Browning against Richard F. Barret. Judgment was there given against Barret, and to reverse it, he appealed to this Court.

The declaration states, that the said Barret did, for the consideration of three hundred dollars to him paid by the plaintiff, covenant and agree, to and with the said plaintiff, to convey to the said plaintiff, by a good and sufficient warranty deed, a certain lot of ground described in said writing obligatory, as lot No. 4, in block No. 67, in the town of Warsaw, in the county of Hancock, in the State of Illinois. Yet the defendant, although often requested, to wit, at the county aforesaid, on the 1st day of February, 1842, and afterwards, to wit, on the 1st day of March, 1842, at the county aforesaid, hath not conveyed to the said plaintiff the said lot of ground in the said covenant mentioned.

To this declaration, the defendant pleaded *non est factum*, without an affidavit to support his plea.

2d. He pleaded, that he has been at all times ready and willing, and still is ready and willing, to convey, &c., the said lot of ground in the declaration mentioned, by a good and sufficient warranty deed, and herewith tenders to the plaintiff such a deed for the said lot, averring, that the plaintiff did not, at any time before the institution of this suit, request him to make such conveyance, &c.

3d. That before the institution of this suit, to wit, on the 1st day of March, 1842, he was ready and willing, and offered to convey to the said plaintiff the said lot of ground in the declaration mentioned, by a good and sufficient deed, &c., but that the agent and attorney of the said plaintiff refused to accept, &c.

4th. That the plaintiff did not, at any time before the institution of this suit, request the defendant to convey, &c.

5th. That when the plaintiff first requested the defendant to convey the said lot of ground, as in the declaration is alleged, the defendant did not refuse to make the said conveyance, &c.; on the contrary, the defendant was ready and willing to convey the said lot of ground, &c.; but the defendant did not and would not allow the plaintiff a reasonable time to have the said conveyance prepared, and did not afterwards, before the institution of this suit, again request the defendant to make the said conveyance.

6th. That when the plaintiff first requested the defendant to convey the said lot of ground, he did not refuse to make the said conveyance, on the contrary, the defendant was ready and willing to convey, &c.; but the plaintiff, after the lapse of a reasonable time for the preparation of the said conveyance, and before the institution of this suit, did not again request the defendant to make the conveyance, &c.

The plaintiff took issue on the defendant's first plea, and replied to the second plea, denying the defendant's readiness and willingness, as in that plea alleged.

*Barret* vs. *Browning.*

The plaintiff replied also to the third plea of the defendant, denying that the defendant did tender to the agent of the plaintiff a deed for the said lot, as in that plea is alleged.

To the fourth, fifth and sixth pleas of the defendant, he demurred, and the defendant demurred to the plaintiff's replications to the second and third pleas of the defendant.

The Circuit Court, deciding the second and third pleas to be bad, overruled the defendant's demurrer to the plaintiff's replications to those pleas.

That court also sustained the plaintiff's demurrer to the defendant's fourth, fifth and sixth pleas.

On the 1st day of June, 1843, the defendant filed an amended plea to this effect, *viz.*, that he has at all times since the making of the said writing obligatory, been ready and willing to convey to the plaintiff the lot of ground in the declaration mentioned, &c.; and he herewith brings into court a deed of conveyance for the same, and offers the said deed for the acceptance of the plaintiff, averring that the plaintiff, at the time of the making of the said writing obligatory, was not, and from that time hitherto hath not been a resident of the State of Missouri, and had no agent in this State authorized to accept a conveyance, who was known to the defendant. He further avers, that the plaintiff did not at any time before the institution of this suit request the defendant to convey to him the said lot of ground, nor did he notify the said defendant that he was ready and willing to accept the said conveyance, &c. This amended plea was, on the motion of the plaintiff, stricken out of the record, because it was not verified by affidavit, according to the statute of the 25th February, 1843. The record states, that the cause being submitted to the court without the intervention of a jury, it found the issues made on the first, second and third pleas for the plaintiff, and assessed his damages, sustained by reason of the breach of the covenant in the declaration mentioned, to the sum of $433 25, and gave judgment accordingly.

For what reason the court found the issues made on the second and third pleas, after they had been decided to be bad pleas, we are not told in the record.

Two questions present themselves mainly in this case for decision:

1st. Was this special plea, filed on 1st of June, 1843, after the act of 27th February, 1843, was in force, properly stricken from the record?

2d. Was it the duty of the plaintiff in this cause to demand a deed from the defendant?

1. The 8th section of the act 27th February, 1843, declares that, "Hereafter no special plea shall be filed in any action founded on contract, express or implied, unless such plea shall be verified by the affidavit of the defendant, or some person on his behalf."

It is contended by the defendant, that this suit being commenced, and most of the pleadings filed, before the act of 27th February, 1843, the act of 27th February, 1843, cannot be construed to apply to it, without giving to the act a retrospective effect. Ever since the year 1813, when the first legislative assembly met in the territory of Missouri, frequent changes have been made in the law regulating judicial proceedings, as it was, in those days of comparative simplicity,

called, and this is the first time that I recollect a question of this sort to have been brought to the appellate court. None, I suppose, ever was taken up, if otherwise, the untiring industry of the learned counsel would have referred to it, if in his favor. Indeed, I cannot say that, in my experience, I ever knew a member of the bar to refer a question of the kind to the Circuit Court for decision. Undoubtedly the act of 1843 could not be so construed as to deprive the defendant of any advantage he had gained before the passage of that act. For instance, if, before the passage of that act, he had pleaded a plea which he knew to be false, and which his conscience would not permit him to verify by affidavit, he could not be compelled, under the provisions of that act, to go back and verify the plea, although the false plea might greatly annoy the plaintiff. But, until it can be ascertained that a defendant ought, in justice, to be permitted to endeavor to evade complying with his contracts, by pleading pleas so destitute of truth that he is afraid to swear to their truth, it cannot be seen how the act can be called retrospective which tries to make parties speak the truth. It is to be hoped, that the legislative body, at its next session, will pass some other act to cause this to be more respected. The plea, then, filed as above-mentioned, was, as it seems, correctly ordered to be stricken from the record.

2. Was it the duty of the plaintiff in the cause to have demanded a deed from the defendant?

The defendant relies on three cases in the courts of New York, *viz.*: Hacket *vs.* Huson, 3 Wend., 249; Connolly *vs.* Pierce, 7 *Ibid.*, 131; and Blood *vs.* Goodrich, 9 *Ibid.*, 79. In those cases, it is said to be a rule which has obtained in that State, that the vendee shall demand the execution of a deed by the vendor, and that he shall prepare one for the vendor to sign, &c.

At an early period of our judicial history, the subject was before this court. The case is found in the first volume, at p. 186, Rector & Jones *vs.* Purdy. The declaration states, that the defendants, by their deed, covenanted to make, execute and deliver to the plaintiff a good and sufficient warranty deed for certain lots, upon the payment of the purchase money. The plaintiff ordered the payment of the purchase money, and assigned, as a breach, that the defendants did not make, execute and deliver a deed to him, according to the intent and meaning of their covenant, although he was then and there ready and willing to receive the same. To this declaration a demurrer was filed, and it was contended that the plaintiff should have averred in his declaration—1st, That he prepared and tendered to the vendors a conveyance ready for them to execute, at his own expense; and, 2d, That the declaration should state that he had demanded a conveyance from them. Judge Cook, delivering the opinion of the court, says, "In support of the first objection to the declaration, the plaintiff cited Sugden's Law of Vendors, 181, 2, where it is said, this point was so decided in a late case, in the Court of Exchequer, and that the decision was in conformity to the practice of the profession."

"Without investigating the propriety of this decision, under the circumstances which influenced the court in making it, we deem it sufficient that no such established practice of the profession, in conveyancing, prevails in this country. The covenant of the plaintiffs in error is express on their part, that they will make,

execute and deliver a deed, &c., and common understanding would, perhaps, require something more than the practice of the profession to warrant such a construction of this stipulation as the plaintiff in error contends for.

"The better rule seems to be, that he who, in general terms, covenants to do a particular thing, shall be held to perform his covenant without the aid of the covenantee, unless such aid be indispensible to the performance; and this appears to have been the law upon the point before the late decision in the Exchequer. Upon the second point, we also think that the demurrer was properly overruled."

In this case there was no demurrer to the declaration. So much has been extracted from the case decided by our own courts, because it was thought appropriate to the case now before this Court, and to have been expressed in very clear and forcible language. But Mr. Crockett, for the plaintiff in error, contends, that this case of "Rector & Jones, *vs.* Purdy turned upon the peculiar phraseology of the covenant sued on: it was a covenant to make, execute and deliver, &c." The only peculiarity in this covenant, as it seems to me, is, that it appears to have been written by a man that understood his business, and one who wished to leave no room for dishonesty to raise a quibble. Every conveyancer knows, that no instrument of writing becomes a deed until it is delivered; and it is equally implied in the covenant sued on, in the case now before this Court, that the vendor is to make, execute and deliver, &c. In consonance with the decision in Jones & Rector *vs.* Purdy, is a still later decision of this Court, in Pye *vs.* Rutter, 7 Mo. Rep., 548. In both of these cases, the vendor was to convey, on the performance of a particular act, *i. e.*, payment of the consideration, and it was held that the vendor must take notice of the performance of the act. In the present case, the price of the lot was paid at the time of the making of the covenant; and most certainly the vendor is bound to take notice that he has already received the vendee's money, and that if the vendee did not sue him immediately, it was because he voluntarily omitted to exercise his right. In 1 Sugden, 246, it is said, that at common law it is incumbent on the vendor to prepare and tender a conveyance where the simplicity of that law reigned; but upon the modifications of estates being introduced, which were unknown to the common law, and which brought with them all the difficulties surrounding modern titles, it became necessary to make an abstract of the numerous instruments relating to the title, for the purpose of submitting it to the purchaser's counsel; and it then became usual for him to prepare the conveyance. In a note to these observations, found in Snyder, (note 159) it is said, that the law in Pennsylvania is different. In Sweitzer *vs.* Hammond, 3 Sar. & Rawle, 228, where the vendor covenanted, that, upon payment of purchase money, he would give a title to the purchaser; held, that he was bound to prepare and tender a conveyance: "It is evident," said the chief justice, "that what may be a very convenient practice in England, may be very inconvenient *here.*" It, then, at common law, by the decision of our own courts, as well as those of Pennsylvania and of England, in earlier days, was the duty of the vendor to prepare and tender a deed, and he having failed to do this, the vendee had a right to sue. In the case cited from our own reports, the deed was to be made on the payment of the purchase money, and here the purchase money

was paid before the execution of the instrument of writing sued on; so that the defendant was, from the moment of delivering that writing, liable to be sued. But a court of equity would, perhaps, have restrained, for a reasonable time, the plaintiff, on good cause shown. But there is another defect common to all the defendant's pleas, except the amended plea, so correctly rejected. In no one of them has the defendant made profert of a deed for the inspection of the Court; but, in each plea, it is left for the jury to decide if the deed be good and sufficient. That profert should have been made of the deed, see 1 Bibb, 283, Lock *vs.* Knowles, and 3 Thomas' Coke, 370.

The judgment of the Circuit Court is affirmed.

Scott, J., *dissenting.*

I am not satisfied that the Court acted properly in striking out the plea. To apply the statute of 27th February, 1843, to this case, would be to deprive the defendant of the option, which the law gave him, to plead specially, and verify his pleas, or to plead the general issue, and give notice of the special matter of defence. As to the objection, that in covenant there is no general issue, and therefore a party could not have any option, the plea of *non est factum*, though not in strict legal acceptation a general issue, yet, under the late statute, in an action of covenant, it must be so regarded. A statute exactly similar to ours, in force in the State of Ohio, has received a like interpretation. (Granger, Administrator, *vs.* Granger, 6 Ohio Rep.; Concier *vs.* Graham, 1 Ohio Rep.) As I do not think the plea would have availed the party anything, I am in favor of affirming the judgment.