Thurman, J.
Taylor brought covenant against Browder in the *195 common pleas of Greene county, on a penal bond, penalty $478, subject to a condition as follows: “ The condition of the above obligation is such, that if the above bound James Browder, his heirs, executors and administrators shall make, or cause to be made, a general warranty deed to the following described piece of- land [description], then and in that case this obligation to be void, else to remain in full force and virtue.”
The declaration averred a demand of the deed, and that a reasonable time for its execution and delivery had elapsed; but that the defendant had wholly neglected and refused to convey, etc.
The defendant pleaded non est factum and a special plea. To the special plea the plaintiff demurred generally, and, at October term 1848, the court sustained the demurrer, and gave the defendant leave to plead de novo, whereupon he craved oyer of the bond and condition, and, setting them out in the first plea hereinafter mentioned, pleaded non est factum and two special pleas. To the special pleas plaintiffs demurred, and the demurrer was sustained at March term 1849, whereupon defendant obtained leave to amend, and, under the leave, filed a notice “ as an appendage,” in the language of the record to the plea of non est factum.
A jury trial followed, resulting in a verdict for plaintiff for $460. The defendant moved for a new trial, assigning various reasons therefor, which motion was overruled and judgment given on the verdict, and defendant tendered a bill of exceptions which was signed and sealed.
Upon a writ of error prosecuted by the defendant, the late supreme court, sitting in Green county, reversed the judgment *of the common pleas, to reverse which judgment of reversal the pending writ of .error which was allowed by the late court in bank is prosecuted. The errors assigned are substantially:
1. That the supreme court erred in holding that the motion for a new trial should have been sustained.
2. That it erred in deciding that Taylor had misconceived his action.
3. That it reversed the judgment of the common pleas.
The record does not show upon what ground the judgment of the common pleas was reversed. Referring to the assignment of errors in the supreme court, we find eight supposed errors alleged, }Ye will consider them all, though not in the order of their assignment.
*196 The fifth error is, that the common pleas erred in sustaining the demurrer at October term, 1848.
The plea demurred to was, actio non, because the said Browder saith, “ that the said Isaac Taylor, to wit, on the 24th day of March, A. d. 1833, in pursuance of said writing obligatory, entered upon and took possession of the said tract of land, and has not at any time abandoned the same, or been evicted therefrom, but is still in the full possession and enjoyment thereof, with all the benefits and profits thereof, to wit, at the county aforesaid, concluding with a verification.
It is unnecessary for us to decide the question, mooted by counsel, whether this plea was not abandoned by the leave obtained to plead de novo, and the filing of new pleas; and whether the judgment sustaining the demurrer to it can be reviewed on error; for we are satisfied that the plea was no bar to the action.
In Reed v. McGrew, 5 Ohio, 386, the court said that, where a vendee sues his vendor on a contract for the conveyance of land, to recover damages for a refusal to convey, it is not necessary, as a preliminary step, that the vendee should surrender the possession. And this opinion is impliedly sustained by the cases of Brown v. Witter, 10 Ohio, 142, and Taft v. Wildman, 15 Ohio, 123.
^Indeed, we do not see any room for doubt upon the question. The action below was not to recover back the consideration money upon a rescission of the contract. Had it been, the possession of the land should have been surrendered before suit brought. But there was no attempt to rescind the contract. On the contrary, the action was upon the contract, and, upon no principle with which we are acquainted was it necessary to restore the possession to Browder.
But it is contended for the present defendant in error, that the declaration is defective in this, that it is in covenant, whereas it should have been in debt, and that, therefore, the court, looking to the first defect, should have overruled the demurrer. But we think the action was not misconceived.
In Huddle v. Worthington, 1 Ohio, 429, it was held that an action of covenant can not be sustained upon condition of a bond like this, if the declaration take no notice of the penal part of the bond. But the court added that “ it might be different if the entire bond was declared on, as in the case of Ward v. Johnson, 1 Mun. 45, stating that the covenant “ was made under the penalty in the *197 ■obligatory part specified.” In the case under consideration, the entire bond was declared on, in the manner above required.
In Kennedy v. Kennedy, 2 Bibb, 464, this question was fully considered, and it was held that an action of covenant will lie on the condition of title bond like the present. Dougherty v. Lewellyn and Stewart, 3 Bibb, 364, was covenant on the condition of an injunction bond. The action was maintained, and Kennedy v. Kennedy affirmed.
In Clark et al. v. Redman, 1 Black. 379, covenant was maintained on bonds like the present.
In Perkins et al. v. Lyman, 11 Mass. 83, the court strongly approve the following language of Lord Mansfield, in Lowe v. Peers. “ There is a difference between covenants in general and covenants secured by a penalty or forfeiture. In the latter case the obligee has ■his election to bring an action for the penalty, after which he can not resort to the covenant ; or to proceed upon the covenant and recover more or less *than the penalty.” Other cases might be cited, but it can hardly be necessary to multiply authorities upon this point.
The sixth alleged error is, that the court erred in sustaining the •demurrer at March term, 1849.
This was a special demurrer to the two special pleas last filed.
The first of these pleas was actio non, “ because he says that the ■said James Browder, at all times since the making of the said writing obligatory, and the condition thereof, has truly kept and performed all and singular the articles, covenants, clauses, conditions» .and agreements in the said writing obligatory mentioned, according to the true intent and meaning of the same, and that he has been always ready and willing and yet is to make and deliver to the said Isaac Taylor a general warrantee deed for the said tract of land in the said declaration set forth and described, and all this he is ready to verify and prove as this honorable court shall award.”
The causes of demurrer to this plea were:
1. That it does not contain a prayer for the judgment of the court.
2. That it does not specially state and set forth the manner of the performance in said plea alleged of the covenants and conditions of said writing obligatory.
3. That it is uncertain, informal and insufficient.
The averments of this plea are plainly inconsistent. It first avers performance and then a readiness to perform, and it is perhaps only *198 by rejecting part of it as surplusage that it can escape the charge of repugnancy. But neither branch of it, nor both in manner and form aforesaid, are sufficient answers to the declaration. The obligor in the bond had but a single act to perform, to wit, to convey to the obligee a tract of land. The declaration avers that the conveyance was demanded and refused and has not been made. It will not do to meet this allegation with a general plea of performance or readiness to perform.
Tinney v. Ashley et ah, 15 Pick. 546, was an action of debt by vendee against vendors, on a title bond—breach, a *failure to convey. Among the pleas pleaded was one of general performance of covenants; to which there was a special demurrer on the ground that the plea alleged a performance of the condition in general terms, without stating in what manner it was performed; that although the condition was that the defendants do a specific act, yet they do not allege specifically that they did that act, nor do they allege any excuse for not doing the same. The court sustained the demurrer, saying, “ In general, a plea of performance of a condition must show specially the manner of the performance. The exception is, where the matter is of so intricate and complicated a nature, or embraces such a variety of minute circumstances-that a particular statement would cause great prolixity, which the law does not countenance. Chitty on PI. 567. Thus, where the condition is to return all writs, or to account for all moneys received, a general performance may be well pleaded. Story on PI. 154. But if the condition be to perform a specific act, as in the present case, a special performance must be pleaded.”
In Bradley v. Osterhondt, 13 Johns. 404, a general plea of performance to a declaration, assigning a particular breach, was held bad even on general demurrer, and for the reasons above given.
We are satisfied that the common pleas properly sustained the demurrer to the j>lea in question.
The other plea demurred to was actio non, “ because he saith that he did, to wit, on the 10th day of May, a. d. 1848, make, execute, and tender to the said Taylor a good general warrantee deed for the said tract of land in the said declaration mentioned, in due and legal form, and of which land he was and is in possession under said contract; but that the said Taylor did then and there refuse and decline to accept, and all of which the said Browder is ready to verify and prove.”
*199 The demurrer to this plea assigned, as causes of demurrer:
1. That said plea does not set forth a copy of the deed therein alleged to have been tendered.
*2. That the allegation of tender has no venue.
3. The plea contains no prayer for judgment.
In Soole v. Knowles, 1 Bibb, 283, the original action was covenant by vendee against vendor in a title bond—breach, a failure to convey. Plea, that defendant did, on, etc., tender to plaintiff a deed agreeably to the true intent and meaning of the covenant, which the plaintiff refused to receive. Beplication, rejoinder, and surrejoinder, making an issue to the country. Yerdiet and judgment for defendant—to reverse which the plaintiff prosecuted a writ of error. Held by the court, “that the plea is bad in substance, without showing the deed tendered, and furnishes no bar to the action; and it is not aided by the subsequent pleadings.”
The above language might seem to import that the deed should have been copied into the plea, but other parts of the opinion appear to warrant the conclusion that a profert would have been held sufficient.
It may be said that in strictness an instrument is not a deed before delivery, and that consequently no profert of it is necessary. But looking at the reasons for a profert in pleading, they will be found to apply with quite as much force to a plea of tender of a deed as to a pleading vouching a deed that has been delivered. A plea that a party has executed and tendered a deed according to-the true intent of his covenant, is rather an averment of the legal effect of an instrument not shown to the -court than an averment of a fact. The construction of the covenant and deed is matter for the determination of the court and not the jury; and the deed ought to be set out in the plea, or a profert made of it, so that the question may be raised by the pleadings, for the judgment of the court, whether the deed is such an one as the covenant requires. Such being our opinion, it is unnecessary to notice the other causes .of demurrer. We think the demurrer was properly sustained.
The 7th alleged error was: That the action should have been debt instead of covenant.
*This .has been answered already, and another answer to it is found in 42 Ohio L. 72, sec. 2, which provides that no writ of error shall bo allowed, after trial or judgment in the court of common pleas or supreme court, on account of any .objection to the *200 form of action in which the plaintiff may have declared, . . in case the facts are substantially alleged, which the party was bound to prove on the trial, in order to entitle him to recovery.
The 1st, 4th, and 8th errors assigned, relate to the verdict of the jury, and assert that it was unauthorized by and was against the evidence, and that it was for excessive whereas it should have been for only nominal damages.
We find nothing in the record, to support these assignments. The bill of exceptions states' but part of the evidence, and without the whole of it we have no means of knowing that the jury erred.
The 3d error assigned is, That the court erred in overruling the motion for a new trial.
We have already considered most of the reasons relied upon in support of that motion, they being the same in substance as those .above assigned for error. The residue of them are the 3d, 5th, and 7th, and may be briefly disposed of. The 5th and 7th complain of the charge of the court in certain particulars, and the 3d asserts that the verdict of the jury was against the charge. But no part of the charge appears in the bill of exceptions, and these reasons are, therefore, of no avail upon writ of error..
The only'remaining assignment of error is the second, to wit: That judgment was given for Taylor instead of for Browder. We see nothing in the record to warrant this assignment. The consequence is, that the supreme court erred, in our opinion, in reversing the judgment of the common pleas, and the judgment of reversal must be reversed and that of the common pleas be affirmed.

Judgment reversed.