MINOR vs. EDWARDS & PRICE.

1. A and B make to C a bond for the payment of $1300, *provided*, however, that said sum shall not be payable until C shall make, execute and tender to A, a good and sufficient deed conveying a clear title in fee simple, with warranty, to certain lots of land—such bond is assignable, and the assignee may maintain an action in his own name.

2. The condition of such bond may be waived or discharged by parol.

3. A count upon such bond, averring the making a deed as required by the proviso, must make profert of such deed.

4. A count, however, averring simply the making a deed, which was accepted in discharge of the condition, need not shew such deed.

## ERROR to Cole Circuit Court.

HAYDEN, *for Plaintiffs in error, insists :*

1. That by the statute of this State, the bond sued on is assignable, and that the plaintiff, as the assignee thereof, has the same right to sue thereon for the debt therein mentioned, as the assignor had, in his own name. Digest, p. 190, sec. 2.

2. That the proviso in the bond that the money therein specified was payable upon the making and tendering a good and sufficient deed to said Edwards, conveying to him a clear title in fee simple to said lots of ground, is a stipulation or proviso *made by said Edwards and Price* for the *protection and benefit of said Edwards,* and is not *a covenant nor obligation made by the payees of the bond*; and therefore the said Edwards, to whom the deed was to be made by the *payees* of the bond, could waive or excuse the payees from making the deed, either by parol or by deed, prior to the payment; and the fact of such excuse or waiver may be proved, or implied from the proof of any fact or circumstance which rationally conduces to establish its existence. And for the same reasons, the defendants might have modified the stipulations as contained in the proviso, by accepting a *partial* performance thereof by payees of the bond. And in like manner, the payees could have been excused, &c. from the performance of a similar stipulation as the one contemplated in the proviso, had the stipulation been made by their *express covenant, under seal.* 3 Johns. Rep., 528–9, 530–1–2; Fleming vs. Gilbert, 1 John. Cases; Keating vs. Price, 22; 2 Wend., 590, 591; Langworthy vs. Smith, 20 Johns., 460.

3. The declaration, and every count therein contained, is good and valid, and therefore the court erred in deciding the 2nd and 3rd counts thereof to be bad, upon the plaintiff's demurrer to the defendants' 2nd, 5th, 7th, 8th, 9th and 13th pleas; as also did the court err in overruling the demurrer to said 13th plea.

4. The court erred in not sustaining said demurrer of plaintiff to said 13th plea of defendants.

5. That the instruction given to the jury, at the instance of defendants, is erroneous, and ought not to have been given.

STRINGFELLOW, *for Defendants in error.*

1. The *second* and *third* counts set up a parol discharge of the condition of the deed, as an ex-

cuse for a failure to comply with the condition. These counts do not set up any new parol contract as a cause of action, but are founded upon the bond, and the right to recover is based upon a parol release of the condition. In the case of Delacroix vs. Bulkley, 13 Wendell, 71, the English and American cases are reviewed, and the rule laid down as well settled: "A sealed executory contract cannot be released or rescinded by a parol agreement." In Allen vs. Jaquish, 21 Wend., 630, this case is reviewed and fully recognized. In the case of Paul vs. Edwards, 1 Mo. Rep. 25, the Supreme Court of this State acknowledges the same rule; and in Raymond vs. Fisher & Hanson, 6 Mo. Rep., 30, the same principle is fully recognized and the authorities reviewed.

Where a parol contract is substituted for a contract under seal, the remedy is upon the new contract, and not upon that under seal. The party cannot, by proof of the new parol contract, recover on the sealed contract. 6 Mo. R , 30; Chitty Pl., 1st vol., 523; 9 Johns. Rep., 115; 2 Wend., 587; 10 Wend., 180; 11 Wend., 27; 16 Wend., 586; ib. 630; 7 Mo. R., 530; Colgan vs. Sharp, 4 Mo. R., 41; Clendennen vs. Paulsel, 3 Mo. R., 320; Crump vs. Mead, 3 Mo. Rep., 233; Helm vs. Wilson, 4 Mo. R., 45.

2. Under the issues submitted to the jury, it devolved upon the plaintiff to prove a compliance with the condition. A mere deed from the vendors was not sufficient evidence. It was necessary to show title in the vendor to show that the deed conveyed title to Edwards. The vendee is an adverse claimant as to the vendor, and can dispute his title. The evidence to show an acceptance of the deed tendered, was immaterial, or at least insufficient under the issues tried. The *first* and *fourth* counts averred a performance of the condition, but the evidence went only to show a parol discharge, or a substituted parol agreement, and did not entitle the plaintiff to recover. Raymond vs. Fisher & Hanson, 6 Mo. R., 30, and cases there cited; Rector vs. Purdy, 1 Mo. R. 286; Frost vs. Pryor, 7 Mo. R., 315; Parrot vs. Browning, 8 Mo. R., 693; 3 Serg. & Rawl.; 9 Mo. R., Macklot vs. Dubreuil.

3. The evidence of the witness was insufficient to prove a tender of the deed, and acceptance. He did not show that the deed was delivered at any time before the commencement of the suit, and there being no date, there is no presumption as to its delivery. The only evidence of a delivery was that of the witness; and upon this in no event could the plaintiff recover. The 14th plea put in issue the title of the vendors, and upon this issue the proof of title was thrown on plaintiff.

4. The whole declaration is defective. No count of the declaration making profert of the deed alleged to have been made to the defendant Edwards, but alleging simply the making a deed, and leaving the question of its construction to the jury. 8 Mo. R., 695; 1 Bibb, 283; 3 Coke, 370.

5. The plaintiff was not entitled to sue in his own name, the bond not being assignable. Our statute, making bonds and notes assignable, evidently contemplates that the instruments, although differing in one respect, must in others be alike. It could not have contemplated that an instrument should be assignable merely because it might be under seal, which, if not under seal, would not be assignable. An agreement to pay money, not under seal, upon a contingency that may never happen, is not assignable. The bond here sued on is payable on *contingency* that may never happen; and hence not assignable. Thomas vs. Cox, 6 Mo. R., 508; 11 Mass., 143; 15 Mass., 387; Chitty on Bills, 154, 155.

McBRIDE, J., *delivered the opinion of the Court.*

Minor brought an action of debt in the Cole Circuit Court against Edwards and Price upon the following instrument of writing, to-wit:

$1390. Twelve months after date, we, or either of us, promise to pay Henry P. Paulsel, Jacob Paulsel and Joseph Boggs, the sum of thirteen hundred and ninety dollars, being the purchase money for the following

lots of ground in the City of Jefferson, county of Cole and State of Missouri, to-wit: out lots number fifty-four, (54) containing twenty acres; number seventy-one, (71) containing eighteen acres and 29-100, and number seventy-two, (72) containing twenty-six acres and 95-100; provided, however, that this bond shall not be payable until said Henry P. Paulsel, Jacob Paulsel and Joseph Boggs shall make, execute and tender to John C. Edwards a good and sufficient deed, conveying unto him, said Edwards, a clear title in fee simple, with warranty, to said lots of ground. Witness our hands and seals, this 7th day of September, 1844.

JOHN C. EDWARDS, [Seal]

THOS. L. PRICE. [Seal]

The declaration contained four counts. The first sets out the above instrument of writing according to its legal effect, and makes profert thereof. It avers an assignment of the bond by the payees to one William B. Smith, and by Smith to the plaintiff; and that on the 3rd October, 1845, the said Paulsels and Boggs did make, execute and tender to Edwards a good and sufficient deed, conveying to him a clear title in fee simple to said lots of ground, with warranty, &c.

The second count is like the first, with an additional averment that the deed tendered to Edwards was by him accepted as a compliance on the part of said payees with the proviso in the bond sued upon.

The third count is like the first and second, except that it concludes by averring that the payees did make, execute, tender and deliver to Edwards a good and sufficient deed, &c., which deed he accepted as a compliance on their part with the proviso in the bond sued upon.

The fourth count is similar to the first.

To the declaration, the defendant pleaded, 1, *Non est factum;* 2, *Nil debit;* 3, That the payees did not assign the bond to Smith; 4, That Smith did not assign the same to the plaintiff; 5, That the payees did not make, execute and tender to defendant, Edwards, on the 3rd October, 1845, a good and sufficient deed, conveying a clear title in fee simple, with warranty, to the lots of land, as alleged in the declaration; 6, Same plea to the first and fourth counts of the declaration; 7, That the payees had not, on the 3rd October, 1845, a clear title in fee simple in and to the lots sold by them to the defendant, Edwards; 8, That said payees had not, on the 3rd October, 1845, or at any time since the making of said supposed deed to Edwards, a clear title in fee simple to the lots for which the bond was given; 9, Same plea as the eighth, but intended to answer the first and fourth counts of the declaration; 10, The deed of the payees was not accepted by Edwards as a compliance on their

part with the proviso in the bond, as alleged in the second count; 11, Similar plea to the third count; 12, That the defendants did not, on the 3rd October, 1845, accept from the payees a deed conveying the lots mentioned, as a compliance on their part with the proviso of the bond, as is alleged in the second and third counts; 13, That said payees had not, on the 3rd October, 1845, a clear title in fee simple to said lots, as is alleged in the second and third counts; 14, That said payees had not a clear title in fee simple to said lots at the time of the said supposed making of the deed by them to defendant, Edwards, as is alleged by him in the first and fourth counts of their declaration.

The plaintiff took issue upon pleas Nos. 1, 3, 4, 6, 10, 11, 12 and 14, and demurred to pleas Nos. 2, 5, 7, 8, 9 and 13; and the Circuit Court sustained his demurrer to the pleas Nos. 2, 5, 7, 8 and 9, but overruled the demurrer to the thirteenth plea, holding that the second and third counts of the declaration were not sufficient in law, &c.

On this state of the pleadings, a trial was had, which resulted in a verdict for the defendants; whereupon the plaintiff moved for a new trial, assigning the usual reasons, which being refused by the court, he excepted, and has brought the case here by writ of error, and seeks a reversal of the judgment of the Circuit Court.

The principal question of law presented by the record for the decision of this Court, arises on the judgment which the Circuit Court rendered on the plaintiff's demurrer to the defendants' thirteenth plea. Even should the plea be bad, yet if the second and third counts in the declaration are also defective, the rule is, that the demurrer will reach back and operate as a demurrer to those counts in the declaration.

Are the second and third counts in the declaration sufficient in law to authorize the plaintiff to recover? The defendants insist that the counts set up a parol discharge of the condition of the deed as an excuse for a failure to comply with such condition; and refer to authority to show that an executory contract, under seal, cannot be released or rescinded by a parol agreement. This principle may be conceded, and yet the defendants may not reap any advantage, as it has no application to the case now before us. The payees of the bond sued on have entered into no covenant which they now seek to discharge by a parol release. They have not affixed their seals to the bond whereby they covenanted to make the payors a good and sufficient deed, conveying to one of them a clear title in fee simple, with warranty, of the lots of land therein described, before the said payors shall be bound to pay the purchase money. But the obligors, for their own security, and out of abundant caution, have inserted

in their own bond a proviso that the purchase money shall not be paid until the obligees make, execute and tender to one of them such a deed as is above described; and the obligees having accepted the bond, with the above condition, are bound by it. Being made exclusively for the benefit and advantage of the obligors, it is competent for them, by parol or otherwise, to waive its performance, either in whole or in part. The Circuit Court should, then, have sustained the demurrer to the thirteenth plea of the defendants. Lawrence vs. Dole, 11 Vermont, 539; Morril vs. Chadwick, 9 N. H., 84; Monroe vs. Perkins, 9 Pick., 298; Dearborn vs. Cross, 7 Cow., 48.

It is contended that the bond sued upon is not assignable, and consequently the plaintiff is not entitled to recover. Our statute, R. C. 1845, 189, sec. 2, enacts, that all bonds and promissory notes, for money or property, shall be assignable, by an endorsement on such bond or promissory note, and the assignee may maintain an action thereon, in his own name against the obligor, in like manner as the obligee might have done. The bond in suit is one for the payment of money, and is assigned by endorsement thereon; we cannot therefore see the reason why the plaintiff may not bring his suit. The proviso in the bond that it shall not be payable until the payees do a certain act, does not alter the character of the bond so far as to prevent its assignment; it only imposes on the payee or assignee the burden of averring and proving the performance of the condition precedent. The declaration contains the averment, which, if sustained by the evidence, will entitle the plaintiff to a recovery.

The doctrine in regard to bills of exchange has no application to bonds and notes not negotiable, which are made assignable by our statute.

Another question affecting the pleadings in this case has been presented by the defendants' counsel. Neither of the counts in the declaration make profert of the deed, which it is averred was made by the obligees of the bond. The first and fourth counts in the declaration are substantially alike, and each aver that the said Paulsels and Boggs, in discharge of the proviso in the bond, did, on the 3rd October, 1845, make, execute and tender to Edwards, a good and sufficient deed for the lots of ground. Who is to decide whether the deed was a good and sufficient one in law? Whether it was, and discharged the obligees, was a question of law for the determination of the court; and to have enabled the court to decide, the deed should have been submitted to the inspection of the court.— Coke Litt., 355-6; Sook vs. Knowles, 1 Bibb, 283; Barnett vs. Browning, 8 Mo. R., 693.

The same objection does not however apply to the second and third

counts in the declaration; for, although the likewise fail to make profert of the deed therein averred to have been made, yet they aver that the deed made by them to Edwards was by him accepted as a compliance on their part with the proviso in the bond. This, we have heretofore said, it was competent for Edwards to do.

We do not deem it important to notice the instruction given to the jury, for, if the case is tried by the principle which we think should govern it, there will most probably be no occasion for the asking or giving any such instruction.

Wherefore, for the reasons above set forth, the judgment of the Circuit Court ought to be reversed, and the other Judges concurring, the same is reversed, and the cause remanded for further proceedings in the Circuit Court, in conformity to this opinion.