Benjamin *v.* McConnell *et al.*

CHARLES BENJAMIN, impleaded with Mark W. Delahay, appellant, *v.* MURRAY McCONNELL *et al.*, appellees.

*Appeal from Scott.*

The statute does not give to a defendant the right to plead specially, and also give notice of the special matter relied on as a defence under the general issue; and when this is done, the proper practice is, for the Court, on motion, to direct him to elect how he will proceed. This, however, is discretionary with the Court.

In the construction of a contract, where the language is ambiguous, Courts uniformly endeavor to ascertain the intention of the parties, and to give effect to that intention. But where the language is unequivocal, although the parties may have failed to express their real intention, there is no room for construction, and the legal effect of the agreement must be enforced.

A proviso in a contract totally repugnant to the contract itself, is void.

A release of one of two or more joint, or joint and several obligors, or promisors, is a release of all.

A personal action once suspended by the voluntary act of the party entitled to it, is forever gone and discharged.

A release of contract, not under seal, but made a part of a decree of Court, is valid; and where a consideration is expressed in a release, or otherwise proved to have passed between the parties, it is immaterial whether the instrument is sealed, or otherwise.

A seal but imports or furnishes evidence of a consideration, and, except in cases where a release is designed to effect a conveyance or transfer of real estate, or some interest in or concerning it, which can only pass by deed, it may be dispensed with.

When the consideration of a contract is not expressed or implied, it must be proved.

On a settlement of an account, a note was written at the foot of the same, expressing that the account was the consideration thereof. The note was subsequently separated therefrom, this consideration stricken out, the words "on demand," prefixed thereto, and suit brought: *Held,* these facts being set forth in a plea of *non est factum,* and sworn to, that the alteration was material, and that the plea was a good bar to the suit.

DEBT, originally brought in the Pike Circuit Court by the appellees against the appellant and Mark W. Delahay, whence the venue was changed by consent of parties, to the Scott Circuit Court. The cause was heard before the Hon. Samuel D. Lockwood and jury. Verdict for the appellees.

The pleadings and evidence are stated in the Opinion of the Court.

*D. A. Smith,* for appellant.

I. The Plea of *non est factum* sworn to, shows that the note sued on in this case, was not merely a mutilation or spoliation of the original note, but that its terms were changed by the insertion of the words *"on demand."* It is, in effect, admitted by the demurrer that if the alteration in the note be in a material part, the plea is good. It cannot be pretended that the statement of the account is no part of the note. The parties have chosen to make it so, by referring to it as being the consideration of the note. It is a material part of the instrument to the makers, because it affords proof as a voucher of the settlement of accounts with the appellees as successors of McConnell, Ormsbee & Co. It may well be insisted upon for the appellant, that the note would never have been given in any other form than the one in which it was given, only for purposes of peace, and to effect a settlement of long, difficult, and mutual accounts, and that it was his right, on payment of the note, to hold it not merely as discharged, but as evidence of such settlement. To use the note in the way attempted in this suit, is to suppress his only voucher, and is, therefore, a fraudulent invasion of his clear and absolute right.

But suppose the mutilation of the instrument, and the interpolation of the words "on demand," be considered immaterial, it by no means follows that the instrument is not thereby made void. When an instrument is altered, it is incumbent on the party claiming under it to explain the alteration. The law, to prevent fraud, and to preserve the identity and integrity of contracts, as being the sole repositories of the agreements of the parties, is exceedingly jealous of any alteration of a written instrument, without the privity of the party to be bound thereby. The special plea of *non est factum* sworn to, put in issue the identity of the instrument sued on, and devolved on the appellees the obligation to explain to the satisfaction of the jury, the mutilation and alteration, or interpolation of that instrument. See 1 Greenl. Ev. § 564–8 *a,* inclusive.

II. The refusal of the charge relied upon as the third error, involves the position, that in this case there was a joint subsisting contract against Benjamin and Delahay, by virtue of the note sued on in this case. Unless there was, the suit being on a joint contract, there should have been no recovery against Benjamin. He had a right to show that the cause of action was suspended and gone as to Delahay, and if so, by operation of law, he, Benjamin, was discharged from the obligation of the note. *Thomas* v. *Thompson*, 2 Johns. 474. Where there are several joint debtors, whatever extinguishes or merges the debt as to one, merges or extinguishes it as to all. Suspension of the right of action as to one, releases, discharges, and extinguishes the action as to both. *Robertson* v. *Smith*, 18 Johns. 478-9-81. See, also, 3 Scam. 14. I maintain that the appellees by their positive and unequivocal act of record, and for consideration, released Delahay, and if so, Benjamin is also released. It will doubtless be admitted, that if the agreement of the 27th of March, 1844, which was entered as the decree of the Court at May term 1844, had been a sealed paper, that that would have been such a technical release as would have discharged Benjamin. I insist that that decree is a matter of record, of more solemnity and of higher consideration than a mere sealed release. Contracts or obligations are of three sorts: 1. By parol, or in writing, as contra-distinguished from specialties; 2. By specialty, or under seal; 3. Of record, such as judgments, recognizances, &c. These last are of superior force, because they have received the sanction of, and are founded on the authority of a Court of Record. Chitty on Contracts, pages 1, 2.

"A release is giving or discharging of a right of action which a man hath or may claim against another, or that which is his." "Releases are distinguished into express releases, or releases in deed, and those arising by operation of law; and are made of lands and tenements, goods and chattels, or of actions real, personal and mixed." Bac. Abr. *Release*.

A release may be by Act of Parliament. "An express release must regularly be in writing and by deed according to

common rule, *eodem modo quo oritur, eodem modo dissolvitur;* so that a duty arising by record, must be discharged by matter of as high nature: so, of a bond or other deed." Bac. Abr. *Release,* A. 1.

"An award that all suits shall cease, hath the effect of a release, and the submission and award may be pleaded in discharge as well as a release." *Strangford* v. *Green,* 2 Mod. 228; Bac. Abr. *Release* A. 2.

"If two or more are jointly and severally bound in a bond, a release to one, discharges the other; and such case the joint remedy being gone, the several is so likewise." Bac. Abr. *Release,* G. and authorities there cited.

"Also if two are bound in an obligation, and the obligee releases to one of them, proviso that the other shall not take advantage of it, this proviso is void. Lit. Rep. 190; Bac. Abr. *Release,* G. This principle annihilates the sly and false proviso inserted in the release to Delahay. It was the palpable intention of the appellees, as to him, to release and cancel the note sued on in this case. Stronger language could not well be selected for that purpose. And if the judgment in this case is sustainable, it involves the dilemma of having Delahay made a party to it, notwithstanding he has been solemnly released by act of record.

We are not driven to rely upon a mere technical release under seal. A discharge by operation of law is sufficient. Hob. 70; Cro. Eliz. 762. If a release may be by Act of Parliament, and award, as already shown, and without the magic of a seal, why not by a decree of a Court of Record that is clothed in so much solemnity? Again, if a recognizance which is a debt of record, and of higher dignity than an ordinary specialty, may be created without a seal, why not sanction the superior sanctity of the decree under which we claim protection in this case?

In *Wentz* v. *De Haven,* 1 Serg. and Rawle, 312, it was decided, that a seal is not necessary to a release of a debt secured by the most formal sealed instrument, and whether due or still owing. In *Whitehill* v. *Wilson,* 3 Penn. 405,

the same Court decided that a parol release of a judgment is sufficient, but a consideration is necessary to support it; and that it is not enough that it is in writing, if without a consideration. A release, not by deed, and without consideration, after a breach of promise, is void. *Crawford* v. *Millspaugh*, 13 Johns. 87.

*M. McConnell*, for the appellees.

The Opinion of the Court was delivered by

Purple, J. The appellees sued the appellant by petition and summons, upon a promissory note, as follows:

"On demand, for value received, we promise to pay Murray McConnell and Holloway Vansyckel, or order, two hundred and four $\frac{44}{100}$ dollars, without defalcation, discount or set-off. December 4, 1839.

C. Benjamin & Co."

Benjamin only was served with process, although the writ issued against both him and Delahay. Appellant pleaded,

1st. Payment;

2nd. That appellant and Delahay made the note as partners; that on the 27th day of March, A. D. 1844, appellees made an agreement in writing with Delahay, and filed the same of record in the Scott Circuit Court, in a Chancery suit then pending in that Court, between McConnell, Vansyckel and James A. McDougall, complainants, *v.* Mark W. Delahay, defendant, by which agreement Delahay was discharged from the payment of the note, and the same, as against him, was released and canceled. That by this agreement, it was expressly provided, that the same should not operate to release Benjamin, nor be considered as canceled as to him. The plea further shows, that this agreement was made upon a compromise and settlement of said Chancery suit;

3rd. That on the 4th day of December, 1839, the firm of C. Benjamin & Co. executed a paper of which the following is a copy: "Charles Benjamin and Mark W. Delahay, trading and doing business under the name, firm and style of C. Ben-

Benjamin *v.* McConnell *et al.*

jamin & Co., to McConnell & Vansyckel, successors of Mc-
Connell, Ormsbee & Co., Dr.

1839, Jan'y 1. To balance as per acc't rendered, $227·37.
  Dec. 4. 11 months interest on same, 25·00.

252·37.

Dec. 4. By their acc't rendered,$43·22.
  Interest from Jan'y 1, 4·75. 47·97.

To balance, 204·40.

For and in consideration of the above account, and for value
received, we promise to pay to Murray McConnell & Hol-
loway W. Vansyckel, or order, two hundred and four 44:
dollars, without defalcation, discount or set-off.

December 4, 1839.

C. Benjamin & Co."

and the said defendant having examined the note set forth in
plaintiffs' petition and summons, says, that the said note is
a mutilated part of the note and account above set forth;
therefore defendant avers, that the note set forth in plaintiffs'
petition and summons is not his note, and that he did not
make and execute the same in manner and form as stated in
the plaintiffs' petition. The truth of this plea was sworn
to by Benjamin.

4th. *Nil debet*, under which the appellant gave notice,
that he would offer in evidence upon the trial, the proceed-
ings and record in the Chancery suit, and the facts relative
to the release and discharge of Delahay from the payment of
the note sued on, as stated in and referred to in appellant's
second plea.

To the first and fourth pleas the appellees replied gene-
rally, and issues on each were joined to the country. De-
murrers were filed to the second and third pleas, which were
sustained by the Court.

The Court, on the trial, permitted the record of the Chan-
cery suit before mentioned, containing the contract releasing
Delahay from the payment of the note sued on in this case,
to be read in evidence. After the evidence was closed, the
appellant's counsel requested the Court to instruct the jury,

that "if the jury believed from the evidence, that the facts stated in the notice under the general issue are proven, they must find for the defendant Benjamin;" which instruction the Court refused, and the defendant excepted. The jury returned a verdict for appellees—appellant moved for a new trial, which motion was overruled, and appellant excepted.

The agreement releasing Delahay from the payment of the note, which the second plea alleges is the note sued on in this case, constitutes a portion of the decree entered in the said Chancery suit, which decree is recited at length in said plea, and is as follows:

"This day came all the parties to this suit in open Court, and by consent of the parties, it was ordered as follows, (to wit:) The said complainants hereby release all claims to all and each of the demands and notes, (that is, the balance due thereon,) mentioned and set forth in the bill filed in this cause, and all of which notes are hereby released and canceled as against him, the said Delahay. Provided, that this shall not operate so as to release C. Benjamin from a note given by him under the firm of C. Benjamin & Co., on the 4th day of December, 1839, which last mentioned note is not cancelled, or is the said Delahay bound therefor. The said Holloway W. Vansyckel hereby agrees to pay all the costs made by the complainants, or either of them in this case, and all the costs made by them, or either of them, in the case taken to the Supreme Court. It is further ordered and decreed by consent as aforesaid, that the said Delahay hereby releases and conveys to the said McConnell and Vansyckel, all his rights and claims to all the property and real estate mentioned in the bill filed in this case, and the sale of the Master in Chancery of the same, is hereby confirmed; and to all the rents, and profits, and proceeds of all of said property, at all and any time growing out of the same, to this date, he, the said Delahay, surrenders his claim, and it is ordered by consent, that the costs made in the Supreme Court by taking this case there, by the said Delahay, is to be entered upon the fee book of this Court in this case, and the said Delahay agrees to pay the costs made by him, both in the Supreme Court and in this Court, in this cause,

and that fee bills including all said costs against each of said persons, issue from this Court, for the costs made by each of them respectively. 27th March, 1844.

M. McConnell,

H. W. Vansyckel,

Mark W. Delahay."

The errors relied on by appellant, question the correctness of the judgment of the Court in sustaining the demurrer to the second and third pleas, and in refusing the instruction asked by the counsel for appellant. There is no direct assignment that the Court erred in sustaining the demurrer to the second plea, but the questions involved by the demurrer to said second plea, and the refusal to give the instruction asked are the same, whether the release set up presents a good bar to the appellees' cause of action in this suit. It is manifest from an inspection of this plea, and also from an examination of the decree set out in the Chancery suit, and read in evidence upon the trial, that the release by McConnell and Vansyckel to Delahay, was for a valuable consideration. It was made upon the settlement and compromise of a contested suit, pending between the parties. Delahay, in consideration of this release, and other matters set out in the decree, also released to McConnell and Vansyckel, "all his rights and claims to all the property and real estate mentioned in the bill" of complainant, and agreed that the sale of the Master should be confirmed, &c.; and the whole contract was, by the consent of the parties, made the decree of the Court, and entered of record as such. That this agreement, thus solemnly made, completely and forever discharged Delahay from all liability to pay any portion of the note in controversy, there cannot be a doubt. It was as much binding and obligatory upon McConnell and Vansyckel, as the release on the part of Delahay was upon him. As to Delahay, the cause of action was extinguished. It may, perhaps, not be improper to remark here, that the statute does not give to a defendant, the right to plead specially, and also give notice of the special matter relied on as

a defence under the general issue; and when this is done, the proper practice would be for the Court, on motion, to direct him to elect how he will proceed. This, however, is a matter of discretion.

But it is contended, that inasmuch as there is a special proviso in this agreement, that the contract shall not operate to discharge Benjamin; and·inasmuch as the same is not executed under the seals of the parties, that his liability still remains. This is a proposition which the law must settle. In the construction of a contract, where the language is ambiguous, Courts uniformly endeavor to ascertain the intention of the parties, and to give effect to that intention. But where the language is unequivocal, although the parties may have failed to express their real intentions, there is no room for construction, and the legal effect of the agreement must be enforced. A proviso in a contract totally repugnant to the contract itself, is void. "If two are bound in an obligation, and the obligor releases to one of them, with a proviso that the other shall not take advantage of it, this proviso is void." 5 Bac. Abr. 702, G. The doctrine has long been considered as settled, that a release to one of two or more joint, or joint and several obligors or promissors, is a release of all. 5 Bac. Abr. 702, G; 2 Salkeld, 574; 6 Vesey, Jun. 146; and "a personal action, once suspended by the voluntary act of the party entitled to it, is forever gone and discharged." *Thomas v. Thompson,* 2 Johns. 473; 18 do. 478; 9 Wend. 336; 17 Mass. 581; 13 do. 148; 7 Johns. 207.

In the case of *Hall* v. *Rochester,* 3 Cowen, 374, an action was brought on a joint and several promissory note against them; two of the defendants appeared and pleaded that the note was fraudulently obtained. The plaintiff entered a *nolle prosequi* as to them, and took a default against the other defendant. This was held to be error. In *Tolman* v. *Spaulding,* 3 Scam. 14, this Court say: "It is well settled, that in actions *ex contractu* against several, the plaintiff, to entitle himself to recover, must prove a promise as to all of

the defendants, and he is not permitted to take a judgment against part of the defendants, and enter a *nolle prosequi* as to the rest, unless a defence personal to them is interposed." The same principle is re-affirmed in the case of *Wann* v. *McNulty*, 2 Gilm. 355, and also in the cases before referred to. But it is objected, that this release or contract is not under seal, and, therefore, is ineffectual to bar the action as against Benjamin. Our answer to this, is found in the authorities above quoted: "That if it is a release as to one, it is equally so as to all." Another is, that is evidenced by an act, which, in legal contemplation, is of higher authority than any instrument under seal—a decree of a Court of record, the validity of which cannot be assailed, nor its verity questioned. And thirdly, where a consideration is expressed in a release, or otherwise proved to have passed between the parties, it is, in the opinion of the Court, totally immaterial whether the instrument is sealed, or otherwise. A seal but imports, or furnishes evidence of a consideration; and, except in cases where the release is designed to affect a conveyance or transfer of real estate, or some interest in, or concerning it, which can only pass by deed, may, without infringing any rule of law, be dispensed with. A release without a seal and without consideration is void. 13 Johns. 87; 1 Cowen, 122. So is any other contract. The rule applies as well to bonds, promissory notes and all other instruments in writing, as to releases. The distinction is, that when the consideration is not implied or expressed, it must be proved. I have not been able to find one authority, that a release not under seal, when made for a good or valuable consideration, is not of binding force.

In the present case, Delahay has been wholly released from the payment of this note. On his part there is no longer any liability. Benjamin cannot be sued alone. If an action is brought against them jointly, Delahay can interpose no plea founded on this agreement, personal to himself. The release, when set up, is an effectual bar to the cause of action, and destroys the right to maintain the suit. The contract is entire; whatever discharges one, releases the other.

The Court is also of opinion, that the appellant's third plea presents a substantial bar to the appellees' cause of action.  If true, and this is admitted by the demurrer, the alteration is material.  The note and the account stated, constitute together one contract; by separating the one from the other, the proof of the consideration for which the note is given, is placed beyond the power of the appellant; and this might, in a suit upon the note, seriously affect his interests.  Chitty on Bills, 182.

The Circuit Court erred in sustaining the demurrer to the second and third pleas, and in refusing the instruction asked by the counsel for the appellant.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*