GONA LANCASTER, Respondent, v. HENRY ELLIOT
*et al.*, Appellants.

### St. Louis Court of Appeals, December 9, 1890.

1.  **Practice, Appellate:** RES ADJUDICATA. The rulings, made by
    this court on the appeal of a cause, constitute the law of the
    cause; and, as far as applicable, determine the propriety of rulings
    of the trial court on a subsequent retrial of the cause.

2.  **Contract:** OFFER AND ACCEPTANCE. If one party make an offer
    by letter to the other, and prior to any revocation thereof the
    latter, by a reply mailed to the former, accepts the offer as it was
    made, this correspondence constitutes a binding contract.

3.  **Release Not Under Seal:** EFFICIENCY. Contract rights arising
    under a sealed instrument may be released by an instrument not
    under seal. A seal is not necessary to the validity of a release,
    unless the release pertains to an interest in land, and such inter
    est, under the laws of the state where the land is situated, can
    only be conveyed by a sealed instrument. But a release which is
    not under seal and not supported by a consideration is void.

*Appeal from the St. Louis City Circuit Court.*—HON.
JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

>    *E. P. Johnson*, for appellants.

>    *W. C. Marshall*, for respondent.

ROMBAUER, P. J.—In the year 1884, the defendant,
Ida M. Lancaster, obtained a decree of divorce from
her then husband, the plaintiff in the present proceed-
ing. The part of the decree which bears upon the
present controversy is as follows:

"It is further ordered and adjudged by the court
that the defendant pay for the maintenance of Gladys
Lancaster, the minor child of said parties, on the first
Saturday of each month hereafter, to the said plaintiff,
at the East St. Louis Bank, in East St. Louis, Illinois,
the sum of thirty dollars a month, the first payment
being made this day; and that, should said thirty

dollars a month, or any part thereof, be diverted from the maintenance of said child at any time hereafter, the said allowance shall cease. It is further ordered by the court that the plaintiff shall have the custody of said child, but that said child shall not be carried to, or kept in, East Louis, Illinois, before the first of October, 1884, and that the defendant shall have the right and privilege to visit and see the said child on Tuesday, Thursday and Saturday of each week, for the space of two hours on each of said days, during the afternoon, at the house of the plaintiff."

As it was in contemplation of the parties that the defendant Ida, and the child, Gladys, might thereafter remove from the jurisdiction of the court rendering the decree, the following bond was executed by her as principal, and her present codefendants as sureties.

"Know all men by these presents, that we, Ida M. Lancaster, as principal, and Henry Elliot and Henry Elliot, Jr., as sureties, are held and firmly bound unto Gona Lancaster in the sum of one thousand dollars, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally by these presents. Sealed with our seals and dated this sixteenth day of July, 1884. The condition of the above obligation is such, that, whereas, on the seventeenth day of July, 1884, a decree was rendered in cause number 64570 in the circuit court of the city of St. Louis, now if said Ida M. Lancaster shall hereafter well and truly preserve and perform upon her part said decree in all respects, then this obligation to be void, otherwise of full force and virtue ; and the damages to said Gona, by reason of any breach thereof, are agreed to be liquidated and adjusted at the amount of this bond."

The present action is one upon this bond. The petition assigns for breach of it, that since, to-wit, the first day of May, 1885, she, said Ida M. Lancaster, has not only wholly failed and refused to allow plaintiff to visit

and see their said child, Gladys, for two hours on Tuesday, Thursday and Saturday of each week during the afternoon, at the house of plaintiff, but has absolutely refused to allow plaintiff to see their said child at any time or place, although often requested so to do. The petition prays judgment for the sum of one thousand dollars, as liquidated damages.

The answer admits the execution of the bond, but denies any breach of conditions. The answer then sets up a number of affirmative defenses, and among them the following:

" *Third.* Defendants, for other and further defense, say that, on and subsequent to the fifteenth day of September, 1885, propositions in writing were passed between the plaintiff and the defendant Ida M. Lancaster with a view to the cancellation of the so-called bond, which were continued up to the thirteenth day of October, 1885, when said plaintiff proposed in writing, as aforesaid, to said Ida M. Lancaster that said so-called bond should be withdrawn from the files of the court, and canceled, and said proposition, or stipulation, filed therein as part of the record, and that said proposition of plaintiff to said Ida M. was thereupon accepted by her, and an agreement was thereby entered into between plaintiff and said Ida M., whereby it was provided that said so-called bond should be withdrawn from the files of the court, and said agreement, or stipulation, put on file as a part of said decree, wherefore said defendants asked to be discharged.

"*Fourth.* Defendants, for other and further defense, say that, by an agreement between plaintiff and defendant, Ida M. Lancaster, entered into between them on the thirteenth day of October, 1885, in reference to said so-called bond, the time and manner in which plaintiff should see said child, Gladys, and the payment of alimony and allowances provided by said decree, the terms of said so-called bond were entirely superseded,.

and the same canceled, wherefore defendants ask to be discharged."

The cause was tried by the court without a jury, and the trial resulted in a judgment for plaintiff for the sum of twelve hundred and twenty-eight dollars and thirty-three cents, which amount represents the penalty of the bond, with the legal rate of interest thereon from the date of the institution of the suit to date of rendition of the judgment. The defendants moved for a new trial, assigning, among other grounds, that the court excluded proper and legal evidence offered by them, and erroneously declared the law at plaintiff's request, and on its own motion. The grounds thus assigned are, among others, urged on this appeal as grounds for reversal of the judgment.

This is the second appeal of the cause. Upon the first trial, the circuit court instructed the jury that, upon the evidence offered, the plaintiff could not recover. This ruling was apparently based on the ground that the plaintiff himself, at that trial, had offered and read in evidence a paper, executed by himself and the defendant Ida, and, by so doing, had substantiated the defense in the then answer of the defendants, which reads :

"Defendants, for further and other defense, say that, by an agreement between plaintiff and Ida M. Lancaster, entered into between them on September 30, 1885, in reference to the time and manner in which plaintiff might visit his child, Gladys, the terms and provisions of the said so-called bond were entirely superseded, and the same was canceled."

The paper thus read is as follows :

"EAST ST. LOUIS, October 13, 1885.
" *To Gona Lancaster* :—

"I propose that any rights you may have under the decree of the circuit court of the city of St. Louis, state of Missouri, granting me a divorce, be relinquished in the following particulars, viz.: *First.* That the

bond of one thousand dollars, given by me for the observance of said decree, be withdrawn from the files of the court, and canceled. *Second.* That I shall not be required to write to you, unless the child, Gladys, is in bad health. *Third.* That you shall see the child, Gladys, two hours each day in the afternoon, on three days of each week, Tuesdays, Thursdays and Saturdays—enter the front door, and go into the reception room, in whatever house the said Ida M. Lancaster may live or reside. *Fourth.* That you at once pay all back monthly allowances, provided by said decree, and that the said monthly allowances still be continued. This stipulation to be put on file as part of the decree in said cause; and, in consideration thereof, I revoke my right to proceed against you for disregarding the terms of said decree.                IDA M. LANCASTER."

"Accepted.

"GONA LANCASTER."

Upon an appeal, taken from that judgment by the plaintiff, this court held that the trial court erred in nonsuiting the plaintiff, as there was no evidence before it that the above offer had ripened into a contract by the plaintiff's acceptance. This court further decided, upon said appeal, that it was shown by the unequivocal and uncontradicted evidence, *then* before the trial court, that there was no delivery of the paper in its above form, and no unconditional acceptance of the offer. The evidence bearing on the question, and the reasons for this court so holding, are fully set out in 28 Mo. App. 86, and the following pages, and need not be here repeated. The propositions thus decided by this court are the law of this case on settled principles applicable to appellate procedure, and must determine, as far as applicable, the propriety of the rulings of the trial court upon the retrial of this cause.

The only evidence before the court at the preceding trial, tending to show the offer and its acceptance, were the facts set out in the opinion of this court, reported as

above.  At the trial, from which this appeal is prose-
cuted, the defendant Ida offered in evidence a cor-
respondence between herself and the plaintiff, beginning
September 4, 1885, and ending October 13, 1885, which
was not in evidence at the preceding trial.  It appeared
from that correspondence that the offer to set aside the
terms of the bond was submitted by the defendant Ida
to the plaintiff in various forms, he returning the offer
to her for amendment from time to time until October
2, 1885, and that, on the last-named day, the defendant
Ida sent to the plaintiff the following written offer for
acceptance :

"East St. Louis, Illinois, Oct. 2, 1885.
" *To Gona Lancaster :*—
"I propose that any rights you may have under
the decree of the circuit court of the city of St. Louis,
state of Missouri, granting me a divorce be relinquished
in the following particulars, viz. :  *First.*  That the
bond of one thousand dollars given by me for the due
observance of said decree be withdrawn from the
files of the court and canceled.  *Second.*  That I shall
not be required to write to you, unless the child, Gladys,
is in bad health.  *Third.*  That you shall see the child,
Gladys, two hours each day in the afternoon of three
days of each week, Tuesdays, Thursdays and Saturdays,
enter the front door and go to the reception room.
*Fourth.*  That you at once pay all back monthly allow-
ances provided by such decree, and that said monthly
allowances still be continued.  This stipulation to be
put on file as a part of the decree in said cause, and in
consideration thereof I waive my right to proceed
against you for disregarding the terms of said decree.
"Ida M. Lancaster."

That, thereupon, the plaintiff returned the offer to
the defendant Ida, inclosed in the following letter
addressed to her :

"NATIONAL STOCK-YARDS, ILLINOIS, Oct. 12, 1885.
"*Mrs. I. M. Lancaster, East St. Louis, Illinois*.

"I regret, but I again return your proposition unsigned. I have tried to get it recorded, but the court says the way it reads, it is no use to record it. You wrote it to read: Enter the front door and go to reception room. The court says, What front door, in New York, or St. Louis, or in what house? After word reception room add following: *In whatever house she, the said Ida M. Lancaster, may live or reside*, and I will sign and return. An early reply, whether you will make it read so or not, will oblige

"G. LANCASTER."

And that upon receipt of said letter the defendant Ida at once sent to the plaintiff the written offer, which was read in evidence upon the former trial, and was again offered in evidence upon the present trial.

The court excluded all this correspondence, as well as the last written offer, on the ground that the offer never ripened into a contract for want of acceptance.

The exclusion of this correspondence, and of the paper dated October 13, is assigned for error.

Counsel for the respondent argues that, if the final act of the parties did not amount to a contract, it is not comprehensible how any act prior to the final act could constitute a contract in law, or how what was not a contract in law can be said to be a contract in equity, inasmuch as equity only follows the law. That argument loses sight of the proposition, that this court never decided that the offer of October 13, if accepted, would not constitute a valid contract, but only that there was no evidence of its acceptance in the record then before it. The correspondence between the parties, preceding the plaintiff's letter of October 2, was immaterial, except by way of explanation of the plaintiff's letter of that date, and of the offer returned by the defendant Ida in compliance with that letter; but the

plaintiff's letter of October 12 was in itself a counter offer which, if accepted by the defendant Ida before revocation by the plaintiff, made a complete contract between the parties, as soon as she mailed to the plaintiff the offer in the shape agreed to by him. There was then not only a complete assent and concurrence of minds by both parties to the same proposition, but such assent was also, in contemplation of law, communicated to the other party. That is the view which the defendants' counsel took in his third defense above set out, and that, in our opinion, is the correct view. *Cangas v. Mfg. Co.*, 37 Mo. App. 307; *Lungstrass v. Ins. Co.*, 48 Mo. 201.

But, while the court, on the former appeal. did not decide that the offer of October 13, if accepted, would not constitute a valid and binding agreement, sufficient in law to waive the obligations of the bond, or to release a cause of action which had accrued thereon, it did not, on the other hand, decide that it would, even if established as a contract, release an action on the bond. Whether it would, or not, was not brought to the attention of the trial court. No such question was raised by the pleadings, nor was such a question raised by objections to the evidence.

It was an old maxim of the common law that an obligor could only be released by an instrument of as high dignity as that by which he was bound; being obligated by a seal, he could be released only by an instrument under seal. Technically this *may* be the rule of modern times, but practically it is not enforced. 7 Wait on Actions & Defenses, 455, and cases cited. It is unquestionably the better rule that a seal is not necessary to the validity of a release now, unless the release pertains to an interest in land, and such interest, under the laws of the state wherein the land is situated, can only be conveyed by a sealed instrument. *Benjamin v. McConnell*, 9 Ill. 536; *Leviston v. Railroad,*

7 Ind. 597. In *Kidder v. Kidder*, 33 Pa. St. 269, THOMPSON, J., says: "A release under seal is some-times called a technical release ; although in equity it has no greater effect than a parol release, yet it differs from the latter in one quality materially, it is self-sus-taining, the seal implying a consideration." Not so is it with a release not under seal. There, a consideration of some sort is necessary to support it. In *Albert's Executors v. Ziegler's Executors*, 29 Pa. St. 50, it was decided that a parol release of a sealed instrument is treated in equity as an agreement not to sue, and must be founded upon a sufficient consideration. In fact, as aptly said by PURPLE, J., in *Benjamin v. McConnell*, *supra*, "a release without a seal *and without considera-tion* is void. So is any other contract. The rule applies as well to bonds, promissory notes and all other instru-ments in writing, as to releases."

This being the law, the fact that the contract was not under seal would not invalidate it, even as a release, provided it was supported by a sufficient consideration. Whether any such consideration is apparent on the face of the instrument seems questionable. The obligations of the plaintiff, as fixed by the original decree, are con-tinued, as to the payment both of the allowance for the support of the child which had accrued, and as to those which were to accrue. The language of the agreement is that you "at once pay all back monthly allowances pro-vided by such decree, and that said monthly allowances still be continued ; * * * and, in consideration thereof, I revoke my right to proceed against you for disregarding the terms of said decree." It stands conceded by the evidence that at the date of this agreement the monthly alimony for at least seven months was due and unpaid. This alimony was payable in monthly installments, and the defendant Ida was entitled to recover the same from the plaintiff with interest on each installment from the time it was payable until actually paid. R. S. 1879,

secs. 2723, 2725. The plaintiff treated the agreement as a waiver of such interest by depositing the exact sum which he conceded to be due for alimony, without interest, to the defendant's credit, and that seems to have been the understanding of both parties to the instrument. Besides this, it appeared in evidence that some suits had been brought, and may have been pending at the date of this agreement, in the state of Illinois, for the recovery of this alimony, and the clause of the contract, "that I revoke my right to proceed against you for disregarding the terms of the decree," might have reference to those, and thus furnish a consideration.

Under these circumstances we are not prepared to say that the agreement made was not supported by a sufficient consideration, and hence we are not prepared to say that the error in rejecting the evidence offered was harmless.

The claim made by the appellant, that the agreement under the decision of *Minor v. Edwards*, 10 Mo. 671, was good even without a consideration, as a waiver of the bond, rests upon a misconception of what was decided in that case. There the condition of the bond, which was discharged by parol waiver, was a condition in favor of the obligor, and was discharged by waiver of the obligor, and the ruling made is placed exclusively on that ground.

We think the court erred in excluding the evidence offered by the defendant consisting of the defendant's offer of October 2, the plaintiff's letter of October 12, and the defendant's last offer of October 13, 1885, and that for these errors the judgment of the court should be reversed and the cause remanded. So ordered. All concur.