# JUNE TERM, 1893.*

James C. Deyo v. Sewell S. Vaughn.

*Sale—Acceptance of offer—Completion of contract.*

Where an offer to purchase a horse at a price fixed by the owner is accepted by letter upon condition that, if the offerer takes him, the sale must be closed and the horse taken away at once, the contract is not complete until the condition is accepted by the proposed purchaser.

Error to Jackson. (Person, J., presiding.) Submitted on briefs June 30, 1893. Decided July 26, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Thomas A. Wilson,* for appellant.

*Thomas E. Barkworth,* for plaintiff, contended:

1. The acceptance, upon its face, is not identical with the proposition, and it is not within the province of the court to say whether or not the difference is important; citing 1 Pars. Cont. 478, and cases cited; *Johnson v. Stephenson,* 26 Mich. 63,

Long, J. Plaintiff, a dealer in horses, on April 14, 1891, wired defendant from New York, asking the price of a certain horse called "Golden Rod," then owned by defendant, at Jackson, this State. To this communication defendant replied by wire on the 16th, saying: "$500 lowest for soft bay horse Golden Rod." Upon receipt of this message, and on the same day, plaintiff again wired

defendant, saying: "Take him, blanket, girth, halter, if perfectly sound." The following day, April 17, defendant wrote plaintiff, saying, in substance: "The horse is sound and right, and without fault. If you take him, it must be closed and the horse taken away without delay." April 19 the plaintiff wrote Mr. Hatch, at Jackson, requesting him to go to defendant, pay him $500, and procure the horse in question, and ship him to New York. Two days after the defendant had written the letter to plaintiff, the horse, in being exercised by defendant's employé, struck and injured his left fore leg, which slightly lamed him. The defendant treated the limb by bathing it with liniment, which resulted in removing a portion of the hair. About a week after the writing of the letter by defendant, Mr. Hatch called at defendant's residence for the horse. At this time there was a bunch on the leg, produced by the injury, about the size of a half hickory nut. The defendant called Mr. Hatch's attention to the injury, and explained how and when it happened, and told Hatch he could do as he had a mind to about taking the horse. The next day Hatch called on defendant, received the horse, paid the consideration, and shipped him to plaintiff in New York. At the time the horse left defendant's stable he was not lame, and was sound and all right, except the bruise spoken of. The horse reached New York on the 26th, and on the following morning plaintiff claims to have discovered that this leg was badly swelled, and the horse lame. He was kept by plaintiff about two months, and then returned to defendant, in whose possession he remained over Sunday, and on Monday morning was sent back to plaintiff's barn, after which time defendant did not see him. July 14 thereafter this suit was commenced, based upon a warranty of soundness, and alleging a breach of such warranty.

The main controversy in the case is, was the injury to

the horse one with which defendant could be charged under his contract of warranty? It is claimed by defendant that the injury occurred after the title to the property had passed to plaintiff, and that, therefore, he is not liable in this action; that the contract was completed at the date of the posting of the letter to plaintiff, or, in any event, at the posting of the letter to Hatch. On the other hand, it is contended by the plaintiff that the contract was not completed until the delivery of the horse to Hatch. The court below held with the plaintiff upon the construction of the contract.

The court was not in error in this interpretation of the contract. The plaintiff's proposition was to take the horse at the price named, if he was perfectly sound. Defendant accepted the terms of the proposition, but added: "If you take him, it must be closed and the horse taken away without delay." It is said that there is no substantial variance between the terms of plaintiff's offer and defendant's acceptance; but there is a material difference. The acceptance left the question open to be determined by the plaintiff whether he would take the horse at once, and under it he was bound to decide whether he would comply with defendant's demand. The proposition of defendant was tantamount to saying: "I will take the $500 you offer on condition only that you take the horse immediately. If you do not conclude to do so, I do not accept your terms." It is not true that under such circumstances the minds of the parties had met so that the contract was completed. Neither can it be said that the posting of the letter by plaintiff to Hatch completed it. Until the plaintiff had in turn notified the defendant that he would take the horse as defendant proposed, it was not completed; and this was not done until Hatch called upon the defendant, a week later. In any view of the case, the contract cannot be said to have been completed until that

time. The defendant himself could have withdrawn the offer up to that time, and the plaintiff could have refused the offer. Defendant so construed it at the time Hatch called for the horse, telling Hatch he could do as he had a mind to about taking him away. It is evident from this that he did not then regard the sale as a completed one.

Where an offer is by letter, the usual mode of acceptance is by sending a letter announcing a consent to accept. There are other modes of acceptance, which are equally conclusive upon the parties; but in the present case no letter was written to defendant accepting his proposition. Mr. Hatch, the agent of plaintiff, was directed to go to defendant, pay the money, and take the horse. He did not go until a week after, and at that time defendant might have said: "You have come too late. My proposition was an immediate delivery. The plaintiff cannot have the horse. He has not accepted my offer to take him without delay." If this position had been taken by the defendant, and he had refused to deliver the horse, no one would have claimed that plaintiff could recover him in an action. To make a completed contract, the minds of the parties must meet; and, where a proposition is in writing, the acceptance must be absolute, and identical with the terms of the proposal. The authorities cited by defendant's counsel do not meet the case presented by this record.[1] This disposes of the main question, as we view it, in the case. There are other questions raised by brief of counsel for appellant. We have examined them, and find no error.

Judgment affirmed.

The other Justices concurred.

[1] Counsel cited: Benj. Sales (4th Amer. ed.), p. 55, and note; *Crook v. Cowan*, 64 N. C. 743; *Lungstrass v. Insurance Co.*, 48 Mo. 201; *Cooper v. Altimus*, 62 Penn. St. 486; *Patton v. Hassinger*, 69 Id. 311, 314; *Trevor v. Wood*, 36 N. Y. 307; *Mactier v. Frith*, 6 Wend. 103; *Milling Co. v. Brown*, 128 Mass. 171.